J-S53039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD PETERSON | : | |
| | : | |
| Appellant | : | No. 1019 EDA 2017 |

Appeal from the PCRA Order March 15, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-1103481-1986

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED NOVEMBER 02, 2018**

Appellant, Edward Peterson, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied as untimely his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On March 10, 1988, a jury convicted Appellant of two counts of first-degree murder; after a penalty hearing, the jury returned sentences of life imprisonment for each conviction.  The next day, the court formally imposed concurrent sentences of life imprisonment.  This Court affirmed on September 22, 1995, and our Supreme Court denied allowance of appeal on May 22, 1996.  **See Commonwealth v. Peterson**, 669 A.2d 411 (Pa.Super. 1995), *appeal denied*, 544 Pa. 656, 676 A.2d 1197 (1996).

From 1997 to 2014, Appellant unsuccessfully litigated numerous collateral relief and *habeas corpus* petitions.  On May 10, 2014, Appellant filed

_____
* Retired Senior Judge assigned to the Superior Court.

the current *pro se* PCRA petition, which he amended on May 19, 2016 and July 14, 2016. On February 16, 2017, the court issued notice per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on March 3, 2017. On March 15, 2017, the court denied PCRA relief. Appellant timely filed a *pro se* notice of appeal on March 17, 2017. On March 20, 2017, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement; Appellant complied.

Preliminarily, the timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Zeigler**, 148 A.3d 849 (Pa.Super. 2016). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is "final" at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The exceptions to the PCRA time-bar allow for limited circumstances under which the late filing of a petition will be excused; a petitioner asserting an exception must file a petition within 60 days of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, our Supreme Court denied allowance of a direct appeal on May 22, 1996. The judgment of sentence became final on August 20, 1996, upon expiration of the 90 days to file a petition for writ of *certiorari* in the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on May 10, 2014, which is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Appellant tries to invoke the "new constitutional right" exception at Section 9545(b)(1)(iii), relying on **Williams v. Pennsylvania**, ___ U.S.

\_\_\_, 136 S.Ct. 1899, 195 L.Ed.2d 132 (2016) for the proposition that former Pennsylvania Chief Justice Castille had significant, personal involvement in Appellant's case because he was the District Attorney when Appellant was tried, had authorized the prosecutor to seek the death penalty, and should have recused himself on Appellant's petition for allowance of direct appeal from the judgment of sentence and on Appellant's petitions for allowance of appeal in two prior PCRA petitions.  Significantly, **Williams** did not announce a new constitutional right subject to retroactive application.  **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (requiring PCRA petitioner to plead and prove U.S. Supreme Court or Pennsylvania Supreme Court recognized new constitutional right and held it to apply retroactively).

The Commonwealth does not oppose reinstatement of Appellant's right to file a petition for allowance of direct appeal before the current Pennsylvania Supreme Court.  Nevertheless, the Commonwealth cannot acquiesce to jurisdiction where none exists.  **See Commonwealth v. Montgomery**, 181 A.3d 359 (Pa.Super. 2018) (*en banc*), *appeal denied*, \_\_\_ Pa. \_\_\_, 190 A.3d 1134 (2018) (explaining parties cannot confer subject matter jurisdiction on court or tribunal where it does not exist).  Further, Appellant's reliance on **Montgomery v. Louisiana**, \_\_\_ U.S. \_\_\_, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016) is misplaced, where **Montgomery** served to make **Miller v. Alabama**, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) (involving mandatory life sentences without possibility of parole, for juveniles who were under 18

when they committed their crimes) retroactive to cases on state collateral review. Appellant's remaining claims fail to plead/prove a time-bar exception, are incomprehensible, and/or fail to cite relevant legal supporting authority.[1] Therefore, Appellant's current PCRA petition remains time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18

---

[1] Appellant filed an application for post-submission communication, to consider two recent decisions in **Morgan v. Morgan**, ____ A.3d ____, 2018 PA Super 212 (filed July 20, 2018) and **Commonwealth v. Karner**, ____ A.3d __, 2018 PA Super 213 (filed July 20, 2018). We grant Appellant's application, but neither case affords him relief.