J-S55022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRUCE X. COOPER | |
| Appellant | No. 2565 EDA 2017 |

Appeal from the PCRA Order Entered July 26, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0438741-1984

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:          **FILED NOVEMBER 15, 2018**

Appellant Bruce X. Cooper *pro se* appeals from the July 26, 2017 order of the Court of Common Pleas of Philadelphia County, which dismissed his seventh petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case is undisputed.[1]  On July 13, 1985, a jury convicted Appellant of second-degree murder, robbery, and possessing instruments of crime.  The court sentenced Appellant on April 14, 1987, to a total term of life imprisonment.  Post-verdict motions were denied, and Appellant's direct appeal was dismissed on September 3, 1987 for failure

---

[1] Unless otherwise noted, these facts are taken from our prior decision affirming the dismissal of Appellant's fifth PCRA petition.  ***See Commonwealth v. Cooper***, No. 405 EDA 2016, unpublished memorandum at 1-3 (Pa. Super. filed August 22, 2017).

to file a brief. Our Supreme Court denied Appellant's petition for allowance of appeal on December 16, 1987.

Appellant filed a PCRA petition on May 18, 1987. The PCRA court dismissed the petition because Appellant's direct appeal was still pending. On August 19, 1988, Appellant filed his next PCRA petition. The PCRA court appointed counsel to represent Appellant, and the court ultimately denied relief on June 1, 1994. We affirmed the denial of relief and our Supreme Court denied allowance of appeal. *See Commonwealth v. Cooper*, 669 A.2d 408 (Pa. Super. 1994) (unpublished memorandum), *appeal denied*, 679 A.2d 227 (Pa. 1995).

Appellant filed another PCRA petition on February 5, 1999. The PCRA court dismissed the petition as untimely on July 21, 1999. Once again, we affirmed the denial of relief and the Supreme Court denied allowance of appeal. *See Commonwealth v. Cooper*, 876 A.2d 460 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 87 (Pa. 2005). On October 22, 2003, Appellant filed yet another PCRA petition, which the PCRA court dismissed as untimely. We affirmed the dismissal and our Supreme Court denied allowance of appeal. *See Commonwealth v. Cooper*, 964 A.2d 432 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 967 A.2d 958 (Pa. 2009).

On July 7, 2014, Appellant filed his fifth PCRA petition, styled as a petition for writ of *habeas corpus*, which the PCRA court dismissed as untimely. Appellant appealed to this Court. While his appeal was pending,

Appellant filed his sixth PCRA petition on February 1, 2016, which he amended on August 31, 2016. On October 6, 2016, Appellant filed a motion to withdraw his sixth PCRA petition.

On November 1, 2016, Appellant filed the instant—his seventh—PCRA petition, which he amended on November 14, 2016. On July 26, 2017, relying upon *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), the PCRA court dismissed the instant PCRA petition, because Appellant's appeal from the fifth PCRA petition was pending in this Court. Appellant timely appealed to this Court.[2] Shortly thereafter, on August 22, 2017, we issued a decision, affirming the dismissal of Appellant's fifth PCRA petition. *See Commonwealth v. Cooper*, 175 A.3d 1101 (Pa. Super. 2017) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Supreme Court.

On appeal, we preliminarily must determine whether the PCRA court erred in dismissing Appellant's petition under *Lark*.

In *Lark*, our Supreme Court held that while a "PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Lark*, 746 A.2d at 588. In *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), we reaffirmed that *Lark* "precludes consideration of a

---

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925

subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." **Montgomery**, 181 A.3d at 364. Here, because Appellant's appeal from the dismissal of his fifth PCRA petition still was pending in this Court at the time he filed the instant, his seventh, PCRA petition, the PCRA court lacked jurisdiction to entertain the instant petition. Accordingly, the PCRA court did not err in dismissing Appellant's seventh petition for relief under **Lark**.[3]

Order affirmed. Objection denied. Application for relief denied. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/18

_____

[3] We deny Appellant's August 23, 2018 "Objection to Commonwealth's Untimely Filed Brief" and his October 1, 2018, "Motion for Contempt of Court and for Summary Judgment," whereby he, _inter alia_, sought to have the Commonwealth held in contempt.