**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRUCE COOPER | |
| Appellant | No. 447 EDA 2018 |

Appeal from the PCRA Order Entered January 26, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0438741-1984

BEFORE:  OLSON, J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY STABILE, J.:　　　　　　　　**FILED JANUARY 07, 2019**

Appellant Bruce X. Cooper *pro se* appeals from the January 26, 2018 order of the Court of Common Pleas of Philadelphia County, which dismissed his eighth petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.[1]  On July 13, 1985, a jury convicted Appellant of second-degree murder, robbery, and possessing instruments of crime.  The court sentenced Appellant on April 14, 1987, to life imprisonment.  Post-verdict motions were denied, and Appellant's direct appeal was dismissed on September 3, 1987 for failure to file a brief.

---

[1] Unless otherwise noted, these facts are taken from our prior decision affirming the dismissal of Appellant's fifth PCRA petition.  **See Commonwealth v. Cooper**, No. 405 EDA 2016, unpublished memorandum at 1-3 (Pa. Super. filed August 22, 2017).

Our Supreme Court denied Appellant's petition for allowance of appeal on December 16, 1987.

Appellant filed a PCRA petition on May 18, 1987. The PCRA court dismissed the petition because Appellant's direct appeal was still pending. On August 19, 1988, Appellant filed his next PCRA petition. The PCRA court appointed counsel to represent Appellant, and the court ultimately denied relief on June 1, 1994. We affirmed the denial of relief and our Supreme Court denied allowance of appeal. *See Commonwealth v. Cooper*, 669 A.2d 408 (Pa. Super. 1994) (unpublished memorandum), *appeal denied*, 679 A.2d 227 (Pa. 1995).

Appellant filed another PCRA petition on February 5, 1999. The PCRA court dismissed the petition as untimely on July 21, 1999. Once again, we affirmed the denial of relief and the Supreme Court denied allowance of appeal. *See Commonwealth v. Cooper*, 876 A.2d 460 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 87 (Pa. 2005). On October 22, 2003, Appellant filed yet another PCRA petition, which the PCRA court dismissed as untimely. We affirmed the dismissal and our Supreme Court denied allowance of appeal. *See Commonwealth v. Cooper*, 964 A.2d 432 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 967 A.2d 958 (Pa. 2009).

On July 7, 2014, Appellant filed his fifth PCRA petition, styled as a petition for writ of *habeas corpus*, which the PCRA court dismissed as untimely. Appellant appealed to this Court. While his appeal was pending,

Appellant filed his sixth PCRA petition on February 1, 2016, which he amended on August 31, 2016. On October 6, 2016, Appellant filed a motion to withdraw his sixth PCRA petition.

On November 1, 2016, Appellant filed his seventh PCRA petition, which he amended on November 14, 2016. On July 26, 2017, relying upon *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), the PCRA court dismissed the seventh PCRA petition, because Appellant's appeal from the fifth PCRA petition was pending in this Court. Appellant timely appealed to this Court. Shortly thereafter, on August 22, 2017, we issued a decision, affirming the dismissal of Appellant's fifth PCRA petition. *See Commonwealth v. Cooper*, 175 A.3d 1101 (Pa. Super. 2017) (unpublished memorandum). Appellant did not file a petition for allowance of appeal in the Supreme Court.

On September 26, 2017, while his appeal from the dismissal of his seventh PCRA petition was pending in this Court, Appellant filed his eighth-the instant-PCRA petition, asserting claims for after-discovered evidence and governmental interference. On November 14, 2017, Appellant filed an amended PCRA petition. On December 13, 2017, the PCRA court issued a notice of its intention to dismiss Appellant's petition under Pa.R.Crim.P. 907. On January 26, 2018, the PCRA denied Appellant relief. Appellant timely appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In its Pa.R.A.P. 1925(a) opinion, the PCRA court noted that Appellant's eighth petition was barred under *Lark*.

On November 15, 2018, we affirmed the dismissal of Appellant's seventh PCRA petition under **Lark**.  **Commonwealth v. Cooper**, No. 2565 EDA 2017, 2018 WL 5993665 (Pa. Super. Filed November 15, 2018) (unpublished memorandum).  Appellant filed in our Supreme Court a petition for allowance of appeal from our November 15, 2018 decision.

Here, on appeal, we preliminarily must determine whether the PCRA court erred in dismissing Appellant's petition under **Lark**.

In **Lark**, our Supreme Court held that while a "PCRA appeal is pending, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588.  In **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), we reaffirmed that **Lark** "precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." **Montgomery**, 181 A.3d at 364.  Here, because Appellant's appeal from the dismissal of his seventh PCRA petition still was pending in this Court at the time he filed the instant, his eighth, PCRA petition, the PCRA court lacked jurisdiction to entertain the instant petition. Accordingly, the PCRA court did not err in dismissing Appellant's eighth petition for relief under **Lark**.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/7/19