478 A.2d 883

COMMONWEALTH of Pennsylvania

v.

**Robert D. McCANN, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1982.

Filed July 13, 1984.

Richard W. Epstein, Sharon, for appellant.

Charles S. Hersh, District Attorney, Hermitage, for Commonwealth, appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

POPOVICH, Judge:

This decision is pursuant to an order of remand from the Pennsylvania Supreme Court which reversed the Order of this Court wherein we vacated the judgment of sentence and remanded for a new trial. The Supreme Court reinstated the judgment of sentence imposed upon Robert D. McCann, appellant, by the Court of Common Pleas of Mercer County, after a jury found him guilty of aggravated assault. We herein resolve the remaining issue raised by appellant and affirm the judgment of sentence.

On direct appeal, appellant raised three issues: (1) whether the trial court erred in not instructing the jury concerning the consequences of a verdict of not guilty by reason of insanity; (2) whether trial counsel for the defendant was ineffective for failing to request in his points for charge that the trial court instruct the jury concerning the consequences of a verdict of not guilty by reason of insanity; and (3) whether trial counsel for the defendant was ineffective for failing to take specific exception to the trial court's failure to instruct the jury concerning the consequences of a verdict of not guilty by reason of insanity.[1]

The Superior Court at *Commonwealth v. McCann*, 302 Pa.Super. 442, 448 A.2d 1123 (1982) found that appellant's trial counsel was ineffective for failing to request the court to instruct the jury concerning the consequences of returning a verdict of not guilty by reason of insanity and, accordingly, vacated the judgment of sentence and remanded for a new trial. The Commonwealth petitioned the Pennsylvania Supreme Court for allowance of appeal, which was granted. The Supreme Court stated:

1. In post-verdict motions, trial counsel raised the issue of whether the court erred in not charging the jury on possible psychiatric treatment and commitment of the accused if a verdict of not guilty by reason of insanity was returned. Since the charge was neither requested nor was its omission objected to, the court noted that counsel's effectiveness was at issue and permitted trial counsel to withdraw and appointed new counsel for the purpose of filing and arguing additional grounds in support of a motion for new trial and in arrest of judgment. New counsel asserted trial counsel's ineffectiveness for failing to request such an instruction and for failing to specifically object to its absence.

"... our inquiry is limited to the question of whether there was a reasonable basis for trial counsel's failure to request this instruction and/or failure to object to the charge given by the trial court."

*Commonwealth v. McCann*, 503 Pa. 190, 197, 469 A.2d 126, 129 (1983) and held that since it was proper for trial counsel "to conclude that commitment was only a possibility, and not a mandatory concomitant of a finding of not guilty by reason of insanity," there was a reasonable basis for his "refusal to request a charge on the consequences of an insanity verdict and/or [his] refusal to object to the trial judge's charge." *Id.*, 503 Pa. at 198, 469 A.2d at 130.

The Order of the Superior Court was accordingly reversed, and the judgment of sentence was reinstated. The case was remanded to this court for resolution of the remaining issue raised in appellant's brief.[2]

We hold that, absent a request for such an instruction, the trial court did not err in failing to instruct the jury concerning the consequences of a verdict of not guilty by reason of insanity. The Pennsylvania Supreme Court in *McCann*, noted that our court relied upon *Commonwealth v. Mulgrew*, 475 Pa. 271, 380 A.2d 349 (1977) in its resolution of the ineffectiveness question. In *Mulgrew*, the Supreme Court overruled *Commonwealth v. Gable*, 323 Pa. 449, 187 A. 393 (1936), and held that

"When insanity is raised as a possible defense to criminal charges, a jury must be instructed concerning the possible psychiatric treatment and commitment of the defendant after the return of a verdict of not guilty by reason of insanity."

*Commonwealth v. Mulgrew*, 475 Pa. at 277–278, 380 A.2d at 352. The Pennsylvania Supreme Court in *McCann* elucidated their holding in *Mulgrew* as follows:

2. The Supreme Court in its order of remand referred to the remaining "issues" raised by appellant; however, we note that it disposed of both ineffectiveness questions. Since trial counsel was not ineffective for failing to request the instruction concerning the consequences of a verdict of not guilty by reason of insanity, he is likewise not to be faulted for not excepting to the lack of such an instruction.

"The holding in *Mulgrew* as in all cases, must be read in the context of its facts. In that case, defense counsel specifically requested a charge on the consequences of a verdict of not guilty by reason of insanity. The trial judge denied that request, and on appeal, it was this denial which was under scrutiny. Although there is broad language in the holding of *Mulgrew*, i.e., 'a jury must be instructed concerning the possible psychiatric treatment and commitment of the defendant after a return of a verdict of not guilty by reason of insanity' *Id.*, 475 Pa. at 278, 380 A.2d 352; implicit therein is the condition that *upon request* such an instruction must be given. As noted by the learned trial judge, this interpretation is consistent with that applied in a number of jurisdictions." (cites omitted)

"... *Mulgrew* was not intended to announce a *per se* rule requiring in all cases, regardless of whether or not requested, an instruction on the consequences of a not guilty by reason of insanity verdict. Consequently, we find no error in the trial judge not having *sua sponte* given the charge in question." *McCann*, 503 Pa. at 193–197, 469 A.2d at 128–129.

Judgment of sentence affirmed.