J-E02005-17

2018 PA Super 54

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| STEPHEN MONTGOMERY, | |
| Appellant | No. 938 WDA 2016 |

Appeal from the Order Dated June 2, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0017226-2000

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., BOWES, SHOGAN, LAZARUS, OLSON, OTT, STABILE AND DUBOW, JJ.

OPINION BY OLSON, J.:                    **FILED MARCH 14, 2018**

Appellant, Stephen Montgomery, appeals from the order dated June 2, 2016[1] dismissing his fourth petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We consider in this case whether PCRA courts have jurisdiction to address collateral petitions despite the pendency of a previously filed petition challenging the same judgment of sentence.  We hold that PCRA courts possess jurisdiction to decide subsequently filed petitions under these circumstances.  As to the merits of this appeal, we conclude that the PCRA court properly characterized Appellant's fourth filing as a PCRA petition.  Moreover, we hold that *Miller v.*

---

[1] The CPCMS docket indicates that the order was entered on June 3, 2016; however, the certified record docket indicates that the order was entered on June 6, 2016.  For simplicity, we refer to the date the order was signed – June 2, 2016.

***Alabama***, 567 U.S. 460 (2012) and ***Montgomery v. Louisiana***, 136 S.Ct. 718 (2016) permit sentencing an individual to a mandatory term of life imprisonment without the possibility of parole ("LWOP") if that individual was at least 18 years old at the time of the offense. As Appellant was 22 years old at the time of the offense in question, the new rule of constitutional law announced in ***Miller***, and held retroactive by ***Montgomery***, does not apply in this case. Accordingly, we affirm.

The factual background of this case is as follows. On November 4, 2000, James Carter ("Carter") and George Maxwell ("Maxwell") attempted to visit a club in McKeesport; however, the club was closed when they arrived. While waiting for a jitney ride home, Carter and Maxwell observed Kijafi Fuqua ("Fuqua") jumping on the hood of his vehicle while singing and dancing to the music emanating from the vehicle. Carter then saw an individual he knew sitting in an SUV across the street from the jitney station. Carter walked over and began speaking to the individual.

At this time, Carter noticed Appellant walk into the middle of the street with a firearm while looking at Fuqua. Fuqua got off the hood of his vehicle and opened his trunk. Maxwell then crossed the street to speak with Appellant. The conversation became heated and Appellant struck Maxwell with the firearm. This strike caused Maxwell and the firearm to fall to the ground. Appellant then began kicking Maxwell. Soon thereafter, Trent Thompson joined in kicking Maxwell. Appellant retrieved the firearm from the

street and hit Maxwell in the head with the firearm. Appellant then shot Maxwell in the neck, fatally wounding him. Appellant was 22 years old at the time of this incident.

The procedural history of this case is as follows. On January 19, 2001, the Commonwealth charged Appellant via criminal information with twelve offenses including, *inter alia*, criminal homicide.[2] On October 24, 2002, Appellant was convicted of first-degree murder[3] and related crimes. On January 28, 2003, the trial court sentenced Appellant to an aggregate term of LWOP. The trial court was required, by statute, to impose a LWOP sentence for the first-degree murder conviction. **See** 18 Pa.C.S.A. § 1102(a); 61 Pa.C.S.A. § 6137(a)(1).

On direct appeal, this Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal. **Commonwealth v. Montgomery**, 872 A.2d 1273 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 885 A.2d 532 (Pa. 2005). On September 26, 2006, Appellant filed a timely, counseled first PCRA petition. On July 29, 2008, after an evidentiary hearing, the PCRA court denied the petition. This Court affirmed the denial of PCRA relief and our Supreme Court denied allowance of appeal. **Commonwealth v. Montgomery**, 986 A.2d 1260 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 991 A.2d 311 (Pa. 2010).

---

[2] 18 Pa.C.S.A. § 2501(a).

[3] 18 Pa.C.S.A. § 2502(a).

On November 13, 2014, Appellant filed a document that the PCRA court properly treated as his second, *pro se* PCRA petition. On January 21, 2015, the PCRA court dismissed the petition. This Court dismissed Appellant's appeal from that order. **Commonwealth v. Montgomery**, 379 WDA 2015 (Pa. Super. June 26, 2015).

On June 29, 2015, Appellant filed a *pro se* petition for a writ of *habeas corpus*. The PCRA court treated the filing as his third PCRA petition. While that petition was pending before the PCRA court, Appellant filed his fourth, *pro se*, PCRA petition. By order dated June 2, 2016, the PCRA court dismissed the fourth petition as untimely. This timely appeal followed.[4]

This case was originally submitted to a three-judge panel of this Court. **See** Superior Court Operating Procedure § 65.36(A). On April 12, 2017, this Court *sua sponte* ordered that this case be heard *en banc* and remanded the case to the PCRA court for the appointment of counsel. This Court directed counsel to address, in addition to any other issues deemed meritorious, whether a PCRA court possesses subject matter jurisdiction over a subsequent PCRA petition when a previous PCRA petition regarding the same judgment of sentence is pending before the PCRA court. Prior, three-judge panels of this Court reached divergent conclusions regarding this issue in unpublished memorandum decisions. **Compare, e.g.**, **Commonwealth v. Hardy**, 135

---

[4] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

A.3d 647, 2015 WL 7737688, *6 (Pa. Super. 2015) (unpublished memorandum) *with* **Commonwealth v. Walton**, 135 A.3d 653, 2015 WL 8197240, *1 n.2 (Pa. Super. 2015). This case presents a vehicle to definitively resolve the issue and is now ripe for disposition.

Appellant presents three issues for our review:

1. Whether the PCRA court had jurisdiction to address a subsequent PCRA petition while a prior PCRA petition was still pending [before the PCRA court]?

2. Whether Appellant, a 22[-]year[-]old adult at the time his crime was committed, can rely on **Miller** . . . to satisfy the [new constitutional rule] timeliness exception to the PCRA?

3. Whether Appellant is entitled to *habeas corpus* relief because the PCRA prohibits Appellant from challenging the legality of his sentence and Appellant continues to serve an illegal mandatory [LWOP] sentence[?]

Appellant's Substitute Brief at 5.

In his first issue, which this Court directed counsel for both parties to brief, Appellant argues that a PCRA court may exercise subject matter jurisdiction over two PCRA petitions relating to the same judgment of sentence at the same time. The Commonwealth agrees with Appellant that the pendency of a prior PCRA petition does not divest the PCRA court of subject matter jurisdiction to consider a subsequent PCRA petition. For the reasons set forth below, we agree with Appellant and the Commonwealth regarding this issue.

As noted above, Appellant's third PCRA petition was pending before the PCRA court when Appellant filed his fourth PCRA petition. Some prior three-

judge panels of this Court have held that a PCRA court lacks subject matter jurisdiction over a fourth PCRA petition in these circumstances because of the pendency of the third PCRA petition. Other three-judge panels of this Court have reached the opposite conclusion and held that the pendency of a prior petition before a PCRA court does not divest the PCRA court of jurisdiction over a subsequent PCRA petition.

The confusion over this issue stems from two prior Supreme Court decisions addressing a PCRA court's jurisdiction over subsequent PCRA petitions. In **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), our Supreme Court held that "a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id.** at 588. Our Supreme Court reasoned that "[a] second appeal cannot be taken when another proceeding of the same type is already pending." **Id.** (citation omitted). Where a petitioner attempts to raise a subsequent, independent claim for relief during the pendency of an earlier PCRA petition, his or her "only option is to raise it within a second PCRA petition filed within [60] days of the date of the order that finally resolves the [pending] PCRA petition[.]" **Commonwealth v. Steele**, 961 A.2d 786, 808-809 (Pa. 2008).

More recently, however, in **Commonwealth v. Porter**, 35 A.3d 4 (Pa. 2012), our Supreme Court held that the pendency of a PCRA petition that was

held in abeyance, at the request of the petitioner, did not divest the PCRA court of jurisdiction to consider a subsequent PCRA petition filed in order to satisfy the Antiterrorism and Effective Death Penalty Act of 1996's state court exhaustion requirement.[5] ***Porter***, 35 A.3d at 12-15. Our Supreme Court stated that "***Lark*** does not speak to the PCRA court's authority in situations like this one, where no appeal was pending, **and** where a prior petition was set aside, in accordance with the petitioner's demand that it not be decided." ***Id.*** at 14 (emphasis added). Thus, ***Porter*** held that the pendency of a PCRA petition did not affect the PCRA court's jurisdiction to consider a subsequent PCRA petition in a case where no PCRA appeal was pending and a prior petition was being held in abeyance at the petitioner's request. ***Cf. Commonwealth v. McCann***, 478 A.2d 883, 884 (Pa. Super. 1984) (The holding of a case "must be read in the context of its facts.").

Neither our Supreme Court nor this Court (in a published decision) has directly addressed whether ***Porter*** announced a new general rule or whether it announced a narrow exception to ***Lark***. In other words, no reported decision in this Commonwealth has considered whether, in light of ***Porter*** and ***Lark***, a PCRA court ordinarily has the ability to consider a later-filed PCRA

---

[5] ***See*** 28 U.S.C. § 2254(b)(1)(A).

petition when a prior PCRA petition is pending before the PCRA court and is not pending on appeal as in **Lark**.[6]

Today, we answer the question by holding that our Supreme Court's rule in **Porter** applies even if the prior PCRA petition is not being held in abeyance at the petitioner's request. Therefore, we hold that **Lark** precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible. Thus, **Lark** does not apply in the circumstances here since the PCRA court addressed Appellant's fourth petition before it issued an order on his third petition.

We begin with the plain language of **Porter**. When considering whether the PCRA court had jurisdiction over Porter's subsequent PCRA petition while his prior PCRA petition was held in abeyance, our Supreme Court stated that "**Lark** holds only that a PCRA [] court cannot entertain a new PCRA petition **when a prior petition is still under review on appeal**[.]" **Porter**, 35 A.3d at 14 (citations omitted; emphasis added). This statement did not have any qualifiers regarding the previous petition being held in abeyance. Instead, this was a broad statement that indicates that **Lark** only prohibits a PCRA court from considering subsequent PCRA petitions from the time a notice of

---

[6] This Court has previously held that a PCRA court has jurisdiction to consider a PCRA petition immediately after it dismisses or denies a previously filed PCRA petition so long as no appeal of that decision is pending. **Commonwealth v. Zeigler**, 148 A.3d 849, 852 (Pa. Super. 2016). We do not address that scenario in this opinion; instead we focus on the scenario where a PCRA petition is pending before the PCRA court when the petitioner files another PCRA petition.

appeal is filed from a PCRA court's order on the previous PCRA petition until the petitioner (or Commonwealth) can no longer seek further appellate review of that determination and the order, therefore, becomes final.

Moreover, our Supreme Court explicitly held that, in some instances, it is appropriate to delay ruling on a PCRA petition because of a pending case before the United States Supreme Court and/or pending legislation before the General Assembly. *See id.* at 16-18. This advice to PCRA courts would cause significant jurisdictional dilemmas if a PCRA court were unable to exercise jurisdiction over multiple PCRA petitions at the same time. As our Supreme Court noted, its advice in this regard was meant to avoid such dilemmas. *See id.* at 16. Therefore, the plain language of *Porter*, and the surrounding circumstances, indicate that *Lark* does not apply as broadly as language in previous decisions may have indicated. Instead, *Porter* announced a new general rule - a PCRA court may not entertain a new PCRA petition when a prior petition is still under appellate review and, thus, is not final; however, nothing bars a PCRA court from considering a subsequent petition, even if a prior petition is pending, so long as the prior petition is not under appellate review.

This result is the only way that *Porter* is consistent with hornbook principles of subject matter jurisdiction. It is axiomatic that parties cannot confer subject matter jurisdiction on a court or tribunal where it otherwise does not exist. *See S.K.C. v. J.L.C.*, 94 A.3d 402, 409 (Pa. Super. 2014)

(citations omitted). If we were to read **Porter** as holding that PCRA courts possess subject matter jurisdiction over subsequent PCRA petitions when a previous PCRA petition is being held in abeyance at the petitioner's request, but that they do not possess subject matter jurisdiction over subsequent PCRA petitions when a previous PCRA petition is merely awaiting decision from the PCRA court, that would essentially give petitioners the power to confer subject matter jurisdiction upon the PCRA court (and likewise revoke such conferment) by requesting that the previous PCRA petition be held in abeyance (or no longer be held in abeyance). Such a holding would be so contrary to the fundamental principles of subject matter jurisdiction as to be absurd. Accordingly, we hold that PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final.[7]

Having determined that the PCRA court was not precluded from considering Appellant's fourth PCRA petition because of the pendency of his third PCRA petition, we turn to the merits of this appeal. In his second issue, Appellant argues that the trial court erred in concluding that it lacked jurisdiction over the petition because Appellant failed to plead and prove the

_____

[7] At oral argument, counsel requested that we provide guidance to PCRA courts regarding the handling of multiple PCRA petitions. We decline this invitation as we believe these issues are best left to the Criminal Procedure Rules Committee.

applicability of the new constitutional rule exception to the PCRA's timeliness requirement.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition." **Commonwealth v. Brown**, 141 A.3d 491, 499 (Pa. Super. 2016) (citation omitted). The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature[.]" **Commonwealth v. Brown**, 143 A.3d 418, 420 (Pa. Super. 2016) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on January 3, 2006. **See** Sup. Ct. R. 13. Appellant's PCRA petition was filed on March 3, 2016. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). "The petitioner bears the burden to plead and prove an applicable statutory exception." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017).

Appellant filed his fourth PCRA petition within 60 days of the United States Supreme Court's decision in *Montgomery*, which made its holding in *Miller* retroactive. Appellant argues that, under *Miller*, it is illegal to sentence an individual to a mandatory term of LWOP if he or she does not have a fully developed brain. Although Appellant was 22 years old at the time of the instant offense, he argues that his brain was not fully developed. Thus, Appellant contends that he satisfied the new constitutional rule exception because he is entitled to relief under *Miller*, which was made retroactive by *Montgomery*. We disagree.

This Court previously addressed this argument in *Commonwealth v. Furgess*, 149 A.3d 90 (Pa. Super. 2016). This Court noted that *Miller* only applies to defendants who were "under the age of 18 at the time of their crimes." *Id.* at 94, *quoting Miller*, 567 U.S. at 465. Moreover, as this Court noted in *Furgess*, Appellant's argument attempts to extend *Miller* to those

adults whose brains were not fully developed at the time of their offense. *See Furgess*, 149 A.3d at 94. This argument fails, however, because "a contention that a newly-recognized constitutional right should be extended to others does not [satisfy the new constitutional rule exception to the PCRA's timeliness requirement.]" *Id.* at 95 (internal alteration omitted; emphasis removed), *quoting Commonwealth v. Cintora*, 69 A.3d 759, 764 (Pa. Super. 2013).

Instead, the PCRA requires that the Supreme Court of the United States or our Supreme Court extend the new right to a class of individuals, and make the extension retroactive, in order to satisfy the new constitutional right timeliness exception. 42 Pa.C.S.A. § 9545(b)(1)(iii). *Montgomery* merely made *Miller* retroactive for juvenile offenders whose judgments of sentence had already became final. It did not extend *Miller*'s holding to those individuals who committed homicides after they reached the age of 18. *Furgess*, 149 A.3d at 95.

Appellant argues that *Furgess* is distinguishable from the case at bar because in *Furgess* the petitioner only raised a claim under the Eighth Amendment while he also raises a claim under the Fourteenth Amendment's Equal Protection Clause. This argument, however, is misplaced. Neither the Supreme Court of the United States nor our Supreme Court has held that *Miller* announced a new rule under the Equal Protection Clause. Instead, *Miller* only announced a new rule with respect to the Eighth Amendment.

Thus, contrary to Appellant's assertion, his Equal Protection Clause argument is also an attempt to extend *Miller*'s holding.

Appellant correctly notes that *Furgess* is not binding upon this *en banc* panel. Nonetheless, we conclude that the three-judge panel's analysis in *Furgess*, set forth above, is correct and decline Appellant's invitation to overturn that decision. Therefore, the PCRA court correctly held that Appellant failed to satisfy the new constitutional rule timeliness exception to the PCRA's one-year time bar. Accordingly, the PCRA court lacked jurisdiction to reach the merits of the petition and correctly dismissed the petition without an evidentiary hearing.

In his final issue, Appellant argues that if the PCRA court properly found that he was not entitled to relief under the PCRA, then it erred in treating his filing as a PCRA petition. Instead, he argues that the PCRA court should have treated the filing as a petition for a writ of *habeas corpus* and granted the petition. Whether a filing is properly construed as a PCRA petition or a petition for a writ of *habeas corpus* is a purely legal question. Therefore, our standard of review is *de novo* and our scope of review is plenary.

> The PCRA
>
> provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. The action established in [the PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when [the PCRA] takes effect, including *habeas corpus* and *coram nobis*.

42 Pa.C.S.A. § 9542.

Our Supreme Court has explained that

[t]he plain language of Section 9542 demonstrates quite clearly that the General Assembly intended that claims that could be brought under the PCRA must be brought under that Act. No other statutory or common law remedy "for the same purpose" is intended to be available; instead, such remedies are explicitly "encompassed" within the PCRA.

*Commonwealth v. Descardes*, 136 A.3d 493, 499 (Pa. 2016) (internal alteration and citation omitted; emphasis removed). Therefore, the question is whether Appellant's particular claim – an illegal sentencing claim – is a claim that is cognizable under the PCRA. *See id.* It clearly is. 42 Pa.C.S.A. § 9543(a)(2)(vii); *see Commonwealth v. Ciccone*, 152 A.3d 1004, 1006 (Pa. Super. 2016) (*en banc*), *appeal denied*, 169 A.3d 564 (Pa. 2017). Accordingly, the PCRA court properly construed Appellant's petition as his fourth PCRA petition.

In sum, we hold that PCRA courts have jurisdiction to consider multiple PCRA petitions relating to the same judgment of sentence at the same time so long as a prior petition is not under appellate review and, therefore, not yet final.[8] As to the merits of this appeal, we hold that *Miller* did not announce

---

[8] When a petitioner pleads the applicability of a timeliness exception under 42 Pa.C.S.A. § 9545(b)(1), the petition "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). In *Lark*, our Supreme Court held that when a prior PCRA petition is pending on appeal, a subsequent PCRA petition must be filed within "[60] days of the date of the order which finally resolves the previous PCRA [appeal], because this is the first date the claim could have been presented." *Lark*, 746 A.2d at 588

a new rule of constitutional law which forbids mandatory LWOP sentences for individuals who were at least 18 years old at the time of the offense. As such, Appellant failed to plead and prove the applicability of an exception to the PCRA's timeliness requirement. As the PCRA court properly treated Appellant's filing as a fourth PCRA petition subject to timeliness requirements, the PCRA court lacked jurisdiction over the petition because it was untimely. Accordingly, we affirm.

Order affirmed.

Bender, P.J.E., Bowes, Shogan, Ott, Stabile, and Dubow, JJ., join.

Gantman, P.J., concurs in the result.

Lazarus, J., concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/14/2018

---

(internal quotation marks and citation omitted). We note that, under our holding today, even though an individual may have a PCRA petition pending before the PCRA court, (*i.e.*, not pending on appeal), the 60-day period is not tolled. Thus, an individual must comply with the 60-day rule if he or she wishes to file a new petition that satisfies a timeliness exception even though he or she has another petition pending before the PCRA court.