J-S78002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAREN ANN PHILLIPS | : | |
| | : | |
| Appellant | : | No. 129 EDA 2018 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0534691-1988

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.: **FILED MARCH 12, 2019**

Karen Ann Phillips appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely her petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On April 29, 1988, Phillips, armed with a tire iron, fatally beat her seventy-one-year-old grandmother. A jury convicted Philips of first-degree murder and, on July 14, 1989, the court sentenced her to life imprisonment. Phillips was twenty years old at the time of the murder.

On direct appeal, this Court affirmed Phillips' judgment of sentence, ***Commonwealth v. Philips***, 580 A.2d 840 (Pa. Super. 1990). Thereafter, our Supreme Court denied *allocatur*. ***Commonwealth v. Phillips***, 593 A.2d 417 (Pa. 1991) (Table).

_____

\* Former Justice specially assigned to the Superior Court.

Phillips filed a PCRA petition on August 15, 2012, claiming the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012), should be extended to defendants who were between the ages of 18 and 25 at the time of their crimes, and that *Miller* should be applied in her case on equal protection grounds. In *Miller*, the Supreme Court recognized a constitutional right for juveniles under the age of 18, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" *Miller*, 567 U.S. at 465. In *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the Court made its holding in *Miller* retroactive.

On October 11, 2017, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Phillips' petition without a hearing. Phillips did not file a response, and the PCRA court dismissed the petition as untimely on November 28, 2017. Phillips filed this appeal.

Recently, this Court has rejected both claims. *See Commonwealth v. Lee*, 219 PA Super 64 (Pa. Super. 2019) (en banc) (holding defendant, who was over age 18 at the time of her offense, could not invoke *Miller* to overcome the PCRA time-bar); *see also Commonwealth v. Montgomery*, 181 A.3d 359, 366 (Pa. Super. 2018) (en banc) ("Neither the Supreme Court of the United States nor our Supreme Court has held that *Miller* announced a new rule under the Equal Protection Clause.").

The PCRA court, therefore, properly rejected Phillips' effort to extend *Miller* to satisfy the new constitutional rule exception to the PCRA time-bar. 42 Pa.C.S.A. § 9545(b)(1)(iii). We find no error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/19