J-S82013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| YAMIL TORRES | : | |
| | : | |
| Appellant | : | No. 4051 EDA 2017 |

Appeal from the PCRA Order November 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0916741-1993

BEFORE:   LAZARUS, J., OLSON, J., and STRASSBURGER*, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MARCH 25, 2019**

Yamil Torres appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In 1994, Torres was convicted of first-degree murder, third-degree murder, and related offenses for the shooting deaths of Carlos Santiago and Robert Velasquez.   The court sentenced Torres, who was 20 years old at the time of the commission of his crimes, to life imprisonment without parole on the first-degree murder conviction and a consecutive sentence of 10-20 years' imprisonment on the third-degree murder conviction.  On direct appeal, this Court affirmed his judgments of sentence.  ***Commonwealth v. Torres***, 665 A.2d 1303 (Pa. Super. 1995).  Torres did not seek review in the Pennsylvania Supreme Court.

_____
*   Retired Senior Judge assigned to the Superior Court.

On November 9, 2000, Torres filed his first PCRA petition, which the court dismissed as untimely. On appeal, this Court affirmed. ***Commonwealth v. Torres***, 844 A.2d 1290 (Pa. Super. 2003). The Pennsylvania Supreme Court denied Torres' petition for allowance of appeal. ***Commonwealth v. Torres***, 852 A.2d 312 (Pa. Super. 2004) (Table).

On August 16, 2012, following the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S 460 (2012), Torres filed the instant PCRA petition. Following the Court's decision in ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016), which made its holding in ***Miller*** retroactive, Torres amended his PCRA petition. On November 28, 2017, the PCRA court dismissed the petition as untimely. On appeal, Torres claims that he was a "minor" at the time of his offenses because he was under the age of 21, and that therefore the ***Miller*** decision entitles him to relief based on both the Eighth Amendment and the Equal Protection Clause of the United States Constitution.

Recently, this Court has rejected these claims. ***See Commonwealth v. Lee***, 2019 PA Super 64 (Pa. Super. 2019) (en banc) (holding defendant, who was over age eighteen at the time of her offense, could not invoke ***Miller*** to overcome the PCRA time-bar); ***see also Commonwealth v. Montgomery***, 181 A.3d 359, 366 (Pa. Super. 2018) (en banc) ("Neither the Supreme Court of the United States nor our Supreme Court has held that ***Miller*** announced a new rule under the Equal Protection Clause.").

J-S82013-18

The PCRA court, therefore, properly rejected Torres' effort to extend *Miller* to satisfy the new constitutional rule exception to the PCRA time-bar. 42 Pa.C.S.A. § 9545(b)(1)(iii).   We find no error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/25/19

- 3 -