J-S24014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL MAYO :
:
Appellant : No. 3369 EDA 2018

Appeal from the PCRA Order Entered November 6, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0738801-1990

BEFORE: LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.: **FILED MAY 06, 2019**

Michael Mayo appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing as untimely his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On March 19, 1990, Mayo, in concert with others, shot and killed an employee during the robbery of a jewelry store in Philadelphia. Mayo entered a plea of guilty, but mentally ill, to first-degree murder, robbery, and possessing instruments of crime. On October 16, 1992, the trial court sentenced him to a term of life imprisonment for murder, plus a consecutive aggregate term of 25 to 50 years' incarceration on the other convictions. At the time of his crimes, Mayo was 22 years old. Mayo filed no direct appeal and his judgment of sentence became final on November 16, 1992.

Mayo filed the instant PCRA petition on August 23, 2012, nearly 20 years after his judgment of sentence became final. Mayo claimed the United States

_____

* Former Justice specially assigned to the Superior Court.

Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012), should be extended to defendants who were between the ages of 18 and 25 at the time of their crimes, and that **Miller** should be applied in his case on Eighth Amendment and equal protection grounds. In **Miller**, the Supreme Court recognized a constitutional right for individuals under the age of 18, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. In **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), the Court made its holding in **Miller** retroactive.

On August 17, 2018, the PCRA court issued notice of its intent to dismiss Mayo's petition as untimely filed. Mayo filed no response and, on November 6, 2018, the PCRA court dismissed Mayo's petition. Mayo timely filed the instant appeal.

Recently, this Court has rejected the claims raised by Mayo. **See Commonwealth v. Lee**, 219 PA Super 64 (Pa. Super. 2019) (en banc) (holding defendant, who was over age 18 at the time of her offense, could not invoke **Miller** to overcome the PCRA time-bar); **see also Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (en banc) ("Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause.").

The PCRA court, therefore, properly rejected Mayo's effort to extend *Miller* to satisfy the new constitutional rule exception to the PCRA time-bar. 42 Pa.C.S.A. § 9545(b)(1)(iii). We find no error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19