J-S35024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN PENDER | |
| Appellant | No. 2806 EDA 2019 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0009004-2015

BEFORE: BOWES, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                      **FILED OCTOBER 14, 2020**

Appellant Kevin Pender appeals from the October 18, 2018 order of the

Court of Common Pleas of Philadelphia County ("PCRA court"), which

dismissed, without a hearing, his petition under the Post Conviction Relief Act,

42 Pa.C.S.A. §§ 9541-46. Upon review, we quash this appeal for want of

jurisdiction.

We need not recount the full background of this case, as we quash this

appeal. Briefly, on April 10, 2017, the trial court sentenced Appellant to an

aggregate term of 10 to 20 years' imprisonment following his guilty plea to

robbery and violations of the Uniform Firearms Act. Appellant did not file any

post-sentence motions or take a direct appeal. On January 16, 2018,

Appellant timely filed the instant PCRA petition, which was amended on May

_____

[*] Retired Senior Judge assigned to the Superior Court.

23, 2018. The PCRA court, on October 18, 2018, dismissed without a hearing Appellant's PCRA petition, concluding that his ineffectiveness claims lacked merit. On, July 19, 2019, more than nine months later, Appellant filed a *pro se* notice of appeal docketed at 2296 EDA 2019 (the "First Appeal"). On August 19, 2019, we issued an order to show cause why the First Appeal should not be quashed as untimely.

Thereafter, during the pendency of the First Appeal, on August 22, 2019, Appellant, through counsel, filed a PCRA petition, seeking *nunc pro tunc* reinstatement of his appeal rights, claiming that counsel failed to honor Appellant's request to file a timely appeal from the October 18, 2018 PCRA order. On September 24, 2019, still during the pendency of the First Appeal, the PCRA court granted Appellant *nunc pro tunc* relief.

On October 1, 2019, Appellant's counsel filed in this Court an application to discontinue the First Appeal.[1] On the same date, counsel filed the instant notice of appeal, docketed at 2806 EDA 2019 ("Second Appeal"). On October 21, 2019, we entered an order granting Appellant's application to discontinue the First Appeal.

Here, consistent with **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), the PCRA court erred in granting Appellant's August 22, 2019 PCRA petition seeking *nunc pro tunc* reinstatement of his PCRA rights. In **Lark**, our Supreme Court held that while a "PCRA appeal is pending, a subsequent PCRA

---

[1] Although Appellant filed an application to discontinue the appeal, he attached thereto as exhibit A a praecipe to discontinue.

petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Lark**, 746 A.2d at 588.  In **Commonwealth v. Montgomery**, 181 A.3d 359 (Pa. Super. 2018) (*en banc*), we reaffirmed that **Lark** "precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible." **Montgomery**, 181 A.3d at 364.  As stated, Appellant filed the August 22, 2019 PCRA petition and the PCRA court disposed of the same **during** the pendency of the First Appeal.  **Lark** counsels us that Appellant was prohibited from filing a subsequent petition until the final resolution of the First Appeal.  Likewise, under **Lark**, the PCRA court lacked jurisdiction to entertain the August 22 petition while the First Appeal was pending.  As a result, the August 22 petition was a legal nullity under **Lark**.[2]  Because the PCRA court could not grant *nunc pro tunc* reinstatement of appeal rights, Appellant's instant appeal taken from the October 18, 2018 order dismissing his PCRA petition is untimely.

Appellant had 30 days or until November 19, 2018 to file a timely notice of appeal from the October 18, 2018 dismissal of his PCRA petition.  **See**

---

[2] Even if Appellant had not filed the August 22 PCRA petition, the PCRA court still would have erred in granting him *nunc pro tunc* relief.  Under Pennsylvania Rule of Appellate Procedure 1701(a), a trial court loses jurisdiction over a proceeding once a notice of appeal is filed.  **See** Pa.R.A.P. 1701(a) ("Except as otherwise prescribed by these rules, after an appeal is taken . . . the trial court . . . may no longer proceed further in the matter.").

Pa.R.A.P. 903(a) ("Except as otherwise prescribed by this rule, the notice of appeal required by Rule 902 (manner of taking appeal) shall be filed within 30 days after the entry of the order from which the appeal is taken."). Instead, Appellant filed the instant notice of appeal on October 1, 2019, almost a year later. Accordingly, we must quash this appeal for want of jurisdiction.[3, 4]

Appeal quashed. Application to withdraw denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2020

---

[3] Based upon our disposition of this appeal, we need deny as moot Appellant's counsel's April 28, 2020 "Application to Withdraw as Counsel."

[4] Assuming Appellant does not challenge our quashal of the Second Appeal, and given the discontinuance of the First Appeal, Appellant may no longer be subject to the constraints announced in **Lark** and may seek whatever relief he may be entitled to under the law in the PCRA court.