J-S18020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
MICHAEL JAMES :
:
Appellant : No. 1674 EDA 2020

Appeal from the PCRA Order Entered August 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0200501-2001,
CP-51-CR-0200511-2001

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
MICHAEL JAMES :
:
Appellant : No. 1675 EDA 2020

Appeal from the PCRA Order Entered August 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0200501-2001,
CP-51-CR-0200511-2001

BEFORE: PANELLA, P.J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 30, 2021**

Michael James (Appellant) appeals from the order entered in the

Philadelphia County Court of Common Pleas, denying his third petition filed

---

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to the Post Conviction Relief Act (PCRA),[1] seeking relief from his jury convictions of first-degree murder, attempted murder, robbery, conspiracy to commit robbery, and possessing an instrument of crime.[2]

Briefly, the underlying facts of this case are as follows:

At approximately 2:00 a.m., on October 26, 2000, Dai Yun Zheng [ ] and his father Sin Tang Zheng [ ] were closing their restaurant located at 3621 North 22nd Street in the City and County of Philadelphia, Pennsylvania, when they were approached by [Appellant and his co-conspirators]. Sin Tang Zheng recognized these men as customers who frequently came into his store. Appellant[ and his co-conspirators] muscled their way into the Zheng family restaurant. [Appellant and his co-conspirators] had a gun [and] forced the Zhengs into the basement where they were beaten and tied up.

[While Appellant and his co-conspirators were searching the restaurant for money,] Dai Yun Zheng (the son) was fatally shot and killed. Sin Tang Zheng (the father) suffered a critical wound to his head. After the shooting, [Appellant and his co-conspirators] fled the restaurant. Sin Tang Zheng crawl[ed] upstairs [and] called a friend and told the friend to call the police. [When police arrived,] Sin Tang Zheng passed out [and] Dai Yun Zheng was found dead at the scene[.] A couple of days later, officers of the Philadelphia Police Department went to the hospital and showed Sin Tang Zheng a series of photo arrays which included the photos of [Appellant and his co-conspirators]. He positively identified all three men.

Trial Ct. Op., 10/18/04, at 1-2 (citations and footnotes omitted) (paragraph break inserted).

_____

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(a), 901, 3701(a)(1), 903, and 907, respectively.

This case proceeded to trial on October 9, 2003. On October 22, 2003, a jury found Appellant guilty of first-degree murder, attempted murder, robbery, conspiracy, and possessing an instrument of crime. On December 8, 2003, Appellant was sentenced to imprisonment for life and an aggregate sentence of 32 and a half to 65 years' imprisonment to run consecutive to his life sentence.

On December 29, 2003, Appellant filed a notice of appeal and this Court affirmed his judgment of sentence on February 7, 2006. *Commonwealth v. James*, 61 EDA 2004 (unpub. memo.) (Pa. Super Feb. 7, 2006), *appeal denied*, 122 EAL 2006 Pa. Aug. 15, 2006. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on August 15, 2006.

Appellant's first *pro se* PCRA petition was dismissed on December 22, 2008, after the Commonwealth's motion to dismiss. On December 14, 2009, this Court affirmed the PCRA court's dismissal of one of Appellant's claims and remanded for further proceedings on his remaining claims. *Commonwealth v. James*, 116 EDA 2009 (unpub. memo.) (Pa. Super. Dec. 14, 2009). Appellant filed a writ of mandamus requesting the trial court hold proceedings ordered by this Court, which our Supreme Court granted on May 12, 2015.[3]

_____

[3] The record does not readily show whether a hearing was held on remand. Appellant does not raise this issue in his present PCRA petition or in this appeal.

*(Footnote Continued Next Page)*

Appellant's second *pro se* PCRA petition was dismissed on December 10, 2015. This Court affirmed the denial on March 15, 2017. ***Commonwealth v. James***, 142 EDA 2016 (unpub. memo.) (Pa. Super. March 15, 2017).

Appellant filed the present *pro* se PCRA petition, his third, on September 19, 2017. The PCRA court filed a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907 on July 6, 2020. Appellant filed an "Objection to 907 Notice" on August 19, 2020. The PCRA court dismissed the petition as untimely on August 13, 2020. This timely appeal followed.[4] Appellant filed a *pro se* "Application for Consolidation" which this Court granted on December 8, 2020.[5]

---

There are two copies of the record, each with its own supplemental copy. The documents are not in filing order and duplicates appear within each copy of the record.

[4] The PCRA court did not order a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[5] Appellant filed two separate notices of appeal, each listing both of his docket numbers related to this appeal, pursuant to Pa.R.A.P. 341 and ***Commonwealth v. Walker***, 189 A.3d, 969, 977 (Pa. 2018) ("separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket").

Because Appellant included both trial court docket numbers on each notice of appeal, this Court issued rules to show cause why his appeals should not be quashed pursuant ***Walker***. Appellant filed a separate response under each docket raising the same issues in both, stating he was in "Covid-19 medical lockdown," had "no law library access time," and "filed a motion asking that both appeal dockets be combined into one appeal" so Appellant could file one brief. Appellant's Motion to Show Cause, 1674 EDA 2020, 11/27/20. Appellant further stated that due to the "medical lockdown," "filing two briefs [was] an impossible task." ***Id.*** Our Court referred the ***Walker*** issue to the
*(Footnote Continued Next Page)*

Appellant raises one claim on appeal:

The lower court abused [its] discretion when it dismissed the petition filed by [ ] Appellant and pertaining to this instant case [sic].

Appellant's Brief at 3.

In his sole claim on appeal, Appellant argues the PCRA court abused its discretion when it dismissed his petition as untimely. Appellant's Brief at 6. Appellant avers his petition "meet[s] the PCRA exception concerning new information and new court decisions" under 42 Pa.C.S. § 9545(b)(1)(ii) and (iii). *Id.* Appellant contends the jury instruction regarding reasonable doubt given at his trial "ha[s] been found by several federal district courts, in this district, to be unconstitutional." *Id.* at 7 (emphasis omitted). Appellant insists that the federal district court in *Brooks v. Gilmore*, 2017 WL 3453324 (E.D.Pa. 2017), ruled this "identical jury instruction" "violate[d] due process," making the jury instructions given by the trial court in his case

_____

merits panel. In light of our *en banc* decision in *Commonwealth v. Johnson*, 236 A.3d 1141 (Pa. Super. 2020) (*en banc*), we decline to quash the present appeals. In *Johnson*, we "observe[d] that [Pa.R.A.P.] 341 and *Walker* make no mention of case numbers on a notice of appeal." *Id.* at 1148. Specifically, the *en banc* panel opined that where an appellant files a separate notice of appeal at each trial court docket, "[t]he fact that the notices [of appeal] contained [more than one trial court docket number] is of no consequence." *Id.* The *Johnson* Court explicitly overruled the majority decision of a three-judge-panel in *Commonwealth v. Creese*, 216 A.3d 1142 (Pa. Super. 2019), that held a notice of appeal was permitted to contain only one docket number. *See Johnson*, 236 A.3d at 1148. Because Appellant filed separate notices of appeal at each docket, he has complied with *Walker*.

"unconstitutional."[6]    *Id.*    Appellant maintains that this information was previously unavailable to him.  *Id.* at 6.  Appellant states "while *Brooks* is not a United States Supreme Court case, the constitutional right to due process is implicated by bad jury instructions[.]" *Id.* at 7, *citing Sandstrom v. Montana*, 442 U.S. 510 (1979) (faulty intent instruction violated Fourteenth Amendment); *Francis v. Franklin*, 471 U.S. 307 (1985) (rebuttable presumption in intent instruction impermissibly shifted burden, violating Fourteenth Amendment).

The standard by which we review PCRA petitions is well settled:

> Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error.  The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. [  ] The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. Super. 2020) (citations omitted).

First, we must address the timeliness of the petition:

---

[6] *See Brooks*, 2017 WL 3453324 at *1-2 ("[R]easonable doubt was explained to the jury through an emotionally charged hypothetical, which asked the jurors to analogize their deliberations to making a decision about life-saving medical treatment for a loved one when only a single option exists.  Because [the court was] convinced that the use of this hypothetical improperly elevated the level of doubt necessary to secure an acquittal, Petitioner is entitled to a new trial.").

Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature."

\* \* \*

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa. Super. 2018)

(citations omitted). We may reach the merits of a facially untimely PCRA

petition provided a petitioner meets one of the time bar exceptions below:

Any [PCRA petition], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

In the instant case, the Pennsylvania Supreme Court denied Appellant's

petition for allowance of appeal on August 15, 2006. Appellant then had 90

days to seek certiorari with the United States Supreme Court. Sup.Ct.R. 13.

Appellant did not, and thus his judgment of sentence became final on

November 13, 2006. Appellant then had one year, or until November 13, 2007 to file a PCRA petition. *See* 42 Pa.C.S. § 9545(b). Appellant filed the present PCRA petition on September 19, 2017, approximately 10 years thereafter.

We acknowledge Appellant's argument that in **Brooks**, *habeas* relief was granted where the court gave a similar jury instruction, given at Appellant's jury trial, for similar charges. However, Appellant's reliance on new law in **Brooks** does not satisfy any of the timeliness exceptions set out in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).[7] **See Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (holding subsequent decisional law does not amount to a new 'fact'"). Furthermore, **Brooks** is not a United States or Pennsylvania Supreme Court decision, and thus cannot support the retroactive constitutional right exception at Subsection (iii). Additionally,

> [j]urisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits.

**Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999). This Court does not have jurisdiction to grant the relief Appellant seeks. **See id.**; **see Montgomery**, 181 A.3d at 365. Accordingly, no relief is due.

---

[7] In his argument, Appellant cites Subsections 9545(b)(1)(i) through (iii), but provides argument only for Subsection (b)(1)(ii) in stating "the information. . . was not previously available to [him]." Appellant's Brief at 6. Thus, any possible time bar exceptions established at Subsections (b)(1)(i) and (iii) are waived. **See Commonwealth v. Charleston**, 94 A.3d 1012, 1022 (Pa. Super. 2014) (undeveloped arguments are waived).

Appellant has not cited a decision from the United States Supreme Court or the Pennsylvania Supreme Court determining the constitutionality of this particular jury instruction. Appellant cites one unpublished opinion from this Court, **Commonwealth v. Moore**, 3211 EDA 2017 (unpub. memo.) (Pa. Super. Dec. 13, 2019), to support his argument. However, in that case, this Court ruled a similar jury instruction was not unconstitutional because when read in context, the instruction "states the law accurately[.]" **Moore**, 3211 EDA 2017, at 13 *citing* **Commonwealth v. Nam**, 3641 EDA 2018, at 8 (unpub. memo. August 21, 2019).

We agree with the PCRA court that Appellant failed to sufficiently plead and prove an exception to the time bar under the PCRA. Accordingly, no relief is due.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/30/2021