J-S06019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ELROD | : | |
| | : | |
| Appellant | : | No. 580 EDA 2023 |

Appeal from the PCRA Order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011460-2011

BEFORE: DUBOW, J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED JUNE 12, 2024**

Eric Elrod appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. § 9541-46. We affirm.

In March 2015, Elrod pled guilty to robbery, possession of a firearm with altered manufacturer's number, firearms not to be carried without a license, and criminal conspiracy.[1] Pursuant to the plea agreement, the trial court sentenced Elrod to 11½ to 23 months' incarceration and ten years' probation. In May 2016, the trial court revoked Elrod's probation. The trial court sentenced Elrod to five to ten years' incarceration and ten years' probation. In April 2018, this Court affirmed the judgment of sentence.

Elrod filed several prior PCRA petitions, all of which were unsuccessful. In September 2022, he filed the instant *pro se* PCRA petition. Elrod argued

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1), 6110.2(a), 6105(a)(1), and 903, respectively.

that his petition was timely based on the newly-discovered fact exception to the PCRA time bar. He points out that this Court in **Commonwealth v. Simmons**, 262 A.3d 512, 523 (Pa.Super. 2021) (*en banc*), and **Commonwealth v. Farmer**, No. 667 MDA 2020, 2021 WL 4279762, at *3 (Pa.Super. filed Sept. 21, 2021) (unpublished memorandum), held that a court cannot anticipatorily revoke probation. He claims the cases are newly discovered facts that he learned of in July 2022.

In January 2023, the court issued notice of its intent to dismiss the petition without a hearing ("Rule 907 notice"). It reasoned the petition was untimely and Elrod had not satisfied any of the time bar exceptions. Elrod filed a document entitled an amended petition, that the court treated as a response to the Rule 907 notice. In February 2023, the court dismissed the petition as untimely. Elrod filed a timely notice of appeal.[2]

Elrod raises the following issues:

---

[2] Elrod filed this PCRA petition on September 23, 2022, immediately after this Court ruled on an appeal of a prior PCRA petition on September 19, 2022. Therefore, the appeal of the prior PCRA petition remained pending because his time for filing a petition for allowance of appeal to the Pennsylvania Supreme Court had not expired. However, the PCRA court did not address the petition until after the time to file a petition for allowance of appeal had expired and the case had been remanded to the PCRA court. **See** Certificate of Remittal/Remand of Record, dated Nov. 15, 2022. The court therefore had jurisdiction to address the petition. **Commonwealth v. Montgomery**, 181 A.3d 359, 364 (Pa.Super. 2018) (*en banc*) (a court cannot "consider[] . . . a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible").

1. Was this appellant's PCRA considered timely under an exception to the time-bar rules?

2. Was this appellant illegally resentenced to 5 to 10 years, followed by 10 years probtion during a VOP hearing on 7/22/16 due to a revocation of probation which had not yet commenced? And was said probation violator still on county parole at the time of this probation violation? Is this claim qualified for retroactivity?

3. Whent the [ trial] court revoked appellant's parole for a violation [resulting from a new conviction] did not the court lack authority under Pennsylvania law to also revoke a consecutive sentence of probation [Appellant] had not yet begun to serve?

4. Did the trial court change the original order of probation from "consecutive" to "concurrent," thus illegally modifying appellant's sentence?

5. Did appellant need to preserve his claim since it concerned the legality of his sentence?

6. Is the following true? When a new constitutional rule rendering a sentence unlawful is decided during the pendency of a persons direct appeal, applying the new ruling during PCRA is not an improper retroactive pronouncement because said rules apply on direct appeal and a person sentenced illegally based on the constitutional rule should have been afforded relief based on direct appeal even if the issue was not raised.

7. Was appellant illegally sentenced initially as he received "Immediate Parole" on 3/30/15? Is this claim qualified for retroactivity?

8. Did the trial court violate the terms of the plea agreement by not sentencing appellant directly in accordance with the plea agreement? Does this claim apply retroactively?

9. Did the lower court appoint counsel that failed to put in appellant's direct appeal as appellant's direct appeal rights were restored Nunc Pro Tunc on 3/17/17? Does this apply retroactively & will appellant receive those appellate rights back Nunc Pro Tunc?

10. Was appellant abandoned by all counsel in this matter?

11. Did the lower court (Jurist) illegally remove appellant's private/paid counsel (Damian M. Sammons) of appellant's chosing and replace him with a Public Defender (Mark Cichowicz), thus violating appellant's constitutional right to "Counsel of Choice"?

12. Did the District Attorney's Office use an untrue statement in it's rendition of the facts during appellant's guilty plea sentencing hearing (3/30/15)?

13. Was exculpatory video evidence withheld from being viewed by this appellant & does that very evidence prove appellant's innocence, along with ADA's perjured testimony?

14. Do **Brady** Violations exist within this case?

15.Did appellant receive affidavits from both co-defendant (Taliesin Green) & a Raymind Wright (Alibi Witness) that prove appellant's innocence in these matters?

Elrod's Br. at 7-8 (verbatim).

We review the denial of PCRA relief by determining whether the PCRA court's conclusions are "supported by the evidence of record and [are] free of legal error." **Commonwealth v. Barndt**, 74 A.3d 185, 192 (Pa.Super. 2013) (citations omitted).

A petitioner has one year after the judgment of sentence becomes final to seek relief that is cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." **Id.** at § 9545(b)(3). If a petition seeks PCRA relief beyond that deadline, the petitioner must plead and prove at least one of the PCRA's time-bar exceptions. These exceptions include:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* at § 9545(b)(1)(i)-(iii).

Elrod argues that he satisfies the newly discovered fact exception to the PCRA time bar. He claims that his discovery of case law—*Farmer* and *Simmons*—satisfies the newly discovered fact exception to the PCRA time bar. However, judicial decisions and case law do not constitute newly discovered facts for purposes of the PCRA's time-bar. *See Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020). This claim therefore fails.

Further, to the extend Elrod's argument can be read as an attempt to establish the newly recognized constitutional right exception to the time bar, the claim fails. In *Simmons*, 262 A.3d at 523, we held that revocation of probation before he started serving his probationary sentence was inconsistent with the Sentencing Code. In *Commonwealth v. Rosario*, 294 A.3d 338, 341 (Pa. 2023), decided after Elrod's appellate brief was filed, the Pennsylvania Supreme Court agreed with our holding in *Simmons* and found that courts cannot anticipatorily revoke probation. However, neither

*Simmons* nor *Rosario* held the prohibition on anticipatory revocation would apply retroactively to sentences imposed before they were decided. *See* *Commonwealth v. Diaz*, --- A.3d ----, 2024 WL 1291936, at *2 (Pa.Super. filed Mar. 27, 2024). Further, this Court has declined to give *Simmons* and *Rosario* retroactive effect. *Id.* The claim therefore fails.

Elrod failed to establish an exception to the PCRA time bar. His PCRA petition therefore is untimely and the court did not err in dismissing it.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/12/2024