J-S29003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE HART, | |
| Appellant | No. 316 EDA 2019 |

Appeal from the PCRA Order Entered January 10, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0905971-1995

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                **FILED JULY 10, 2019**

Appellant, Tyree Hart, appeals *pro se* from the post-conviction court's January 10, 2019 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

On August 2, 1995, Appellant — then 18 years of age — approached the victim on a street corner in Philadelphia, shot him to death, and stole his wallet.  On March 17, 1997, Appellant pled guilty to murder generally, and waived his right to a jury trial on a robbery charge.  Thereafter, the trial court held a degree-of-guilt hearing for the murder conviction and a non-jury trial on the robbery count.  The trial court found that Appellant had committed second-degree murder, and it convicted him of robbery.  On September 19, 1997, the court sentenced Appellant to a mandatory term of life without the

possibility of parole (LWOP) for his murder conviction, and imposed no further penalty for his robbery offense. This Court affirmed Appellant's judgment of sentence on January 25, 1999, and our Supreme Court denied his subsequent petition for allowance of appeal. *Commonwealth v. Hart*, 736 A.2d 681 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 742 A.2d 672 (Pa. 1999).

Appellant thereafter filed a PCRA petition that was ultimately denied by the post-conviction court and affirmed on appeal. *See Commonwealth v. Hart*, 832 A.2d 537 (Pa. Super. 2003). Appellant did not seek review by our Supreme Court. On August 10, 2012, he filed a second, *pro se* PCRA petition, which was also denied, and we affirmed on appeal. *Commonwealth v. Hart*, 116 A.3d 674 (Pa. Super. 2014) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On March 23, 2016, Appellant filed the *pro se* PCRA petition underlying the present appeal.[1] For some unexplained reason, it was not until October 9, 2018, that the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing. Although he filed a *pro se* response to that notice, the court issued an order (and an accompanying opinion) on January 10, 2019, denying his petition as being untimely-filed.

---

[1] Both parties claim that Appellant's petition was filed on August 23, 2016; however, the time-stamp on the petition (titled, "Supplemental Post Conviction Collateral Relief Petition Pursuant to the [PCRA] Under 42 Pa.C.S. §§ 9541-9546") shows a date of March 23, 2016.

Appellant filed a timely, *pro se* notice of appeal. Herein, he presents three issues for our review:

> I) Whether the [PCRA] court[] inappropriately applied 42 Pa.C.S. § 9545(b)(1)(iii) relating to timeliness when Appellant's claim that the right established in ***Miller v. Alabama***[, 567 U.S. 460 (2012),] applies to [Appellant,] who possessed those same characteristics of youth identified as constitutional[ly] significant for sentencing purposes by the United States Supreme Court[]?
>
> II) Did the [PCRA] court abuse it's [*sic*] discretion in failing to hold an evidentiary hearing … where [Appellant] … raised genuine issues … of material fact[] that entitle[] him to relief[]?
>
> III) Did the [PCRA] court err in not holding an evidentiary hearing when [Appellant's] [PCRA] petition "relies on" and "contain[s]" a new rule of constitutional law[]?

Appellant's Brief at 1 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

- 3 -

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition was filed, section 9545(b)(2) required that any petition attempting to invoke one of these exceptions "be filed within sixty days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).[2]

Here, Appellant's judgment of sentence became final in 1999 and thus, his present petition filed in 2016 is facially untimely. Consequently, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

---

[2] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

- 4 -

Instantly, Appellant argues that he meets the new-retroactive-right exception of section 9545(b)(1)(iii). In support of this claim, he relies on **Miller**, in which the United States Supreme Court held that mandatory LWOP sentences "for those under the age of 18 at the time of their crimes violate[] the Eighth Amendment's prohibition against 'cruel and unusual punishments.'" **Miller**, 567 U.S. at 465. Although Appellant was 18 years old at the time of his crime, he insists that the Equal Protection Clause requires that **Miller** be applied to individuals, such as him, who were the mental equivalent of a juvenile at the time of their crime. **See** Appellant's Brief at 4.

Appellant's argument is unavailing. This Court has consistently held "that age is the sole factor in determining whether **Miller** applies to overcome the PCRA time-bar[,]" and we have repeatedly "decline[d] to extend [**Miller's**] categorical holding" to petitioners who were 18 or over at the time of their crime. **Commonwealth v. Lee**, 206 A.3d 1, 11 (Pa. Super. 2019) (*en banc*). Further, this Court has rejected the same Equal Protection argument raised by Appellant herein. **See Commonwealth v. Montgomery**, 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) ("Neither the Supreme Court of the United States nor our Supreme Court has held that **Miller** announced a new rule under the Equal Protection Clause. Instead, **Miller** only announced a new rule with respect to the Eighth Amendment. Thus, contrary to [petitioner's] assertions, his Equal Protection Clause argument is also an attempt to extend **Miller's** holding."). Accordingly, as we stated in **Lee**, "[u]ntil the United States Supreme Court or the Pennsylvania Supreme Court recognizes a new

constitutional right in a non-juvenile offender, we are bound by precedent" to conclude that Appellant cannot rely on **Miller** to satisfy the timeliness exception of section 9545(b)(1)(iii). **Lee**, 206 A.3d at 11.

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/19