J-S49007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL A. THORPE, | |
| Appellant | No. 301 EDA 2019 |

Appeal from the PCRA Order Entered January 2, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0404632-1990

BEFORE:  BENDER, P.J.E., STABILE, J., and STEVENS,  P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:            **FILED DECEMBER 03, 2019**

Appellant, Michael A. Thorpe, appeals *pro se* from the post-conviction court's January 2, 2019 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The facts underlying Appellant's convictions are not germane to this appeal.  Instead, we need only note that a jury convicted Appellant of first-degree murder, conspiracy, and possession of an instrument of crime on January 17, 1991.  On May 19, 1992, the trial court sentenced Appellant to an aggregate term of life imprisonment, without the possibility of parole ("LWOP").  This Court affirmed his judgment of sentence on December 17, 1992.  ***Commonwealth v. Thorpe***, 625 A.2d 94 (Pa. Super. 1992)

---

[*] Former Justice specially assigned to the Superior Court.

(unpublished memorandum). Our Supreme Court subsequently denied his petition for allowance of appeal on February 4, 1994. *Commonwealth v. Thorpe*, 639 A.2d 27 (Pa. 1994).

On August 27, 2012, Appellant filed his fifth, *pro se* PCRA petition, which forms the basis of this appeal. After years of inactivity on the docket, he filed a supplemental petition on March 25, 2016. On September 6, 2018, the PCRA court filed a Pa.R.Crim.P. 907 notice of its intent to dismiss his petition without a hearing. Appellant did not file a response to it. On January 2, 2019, the PCRA court dismissed his petition as untimely. On January 15, 2019, Appellant filed a timely, *pro se* notice of appeal.

Presently, Appellant appears to raise a single issue for our review:

Did the court below err as a matter of law when it dismissed the subsequent PCRA petition?

Appellant's Brief at 3 (unnecessary capitalization omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. *Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the

judgment of sentence becomes final, unless one of the following exceptions

set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, at the time Appellant's petition

was filed, section 9545(b)(2) required that any petition attempting to invoke

one of these exceptions "be filed within sixty days of the date the claim could

have been presented." 42 Pa.C.S. § 9545(b)(2).[1]

In the case *sub judice*, Appellant's judgment of sentence became final

in 1994 and, consequently, his present petition, filed in 2012, is patently

---

[1] A recent amendment to section 9545(b)(2), which became effective on December 24, 2018, changed the language to require that a petition "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant contends that he satisfies the timeliness exception under section 9545(b)(1)(iii), pursuant to *Miller v. Alabama*, 567 U.S. 460 (2012) (holding that imposing a sentence of LWOP upon those under the age of 18 years old at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment), and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016) (holding that *Miller* announced a new substantive rule that applies retroactively on state collateral review). *See* Appellant's Brief at 4-6. Specifically, he asserts that "under the equal protection doctrine, adults are no less entitled to special considerations than a juvenile[,]" and argues that "[e]qual protection requires that a sentencing court … consider all mitigating factors at sentencing before a court can constitutionally impose a mandatory life sentence pursuant to the law announced in *Miller* and *Montgomery*." *Id.* at 7. Consequently, he says that his sentence "is unconstitutional and therefore illegal under [the] new rule of law applied retroactively." *Id.* at 8 (unnumbered).

Nowhere in his brief does Appellant mention the age at which he committed his offense. However, our review of the record demonstrates that Appellant was born on October 5, 1970, and the offense underlying his sentence occurred on March 19, 1990, making Appellant 19 years old at the time of the crime. Consequently, he cannot rely on *Miller* to satisfy the

timeliness exception set forth in section 9545(b)(1)(iii). As the Commonwealth aptly discerns:

> This Court has repeatedly held, by both *en banc* and three-judge panels, that defendants, who were eighteen years or older at the time of their crimes, cannot invoke ***Miller*** as the basis for an exception to the PCRA time-bar. ***See Commonwealth v. Lee***, 206 A.3d 1, 7-11 (Pa. Super. 2019) (*en banc*) (***Miller*** applies only to those who were under the age of eighteen at the time [they] committed the offense; "age is the sole factor in determining whether ***Miller*** applies to overcome the PCRA time-bar"); ***Commonwealth v. Montgomery***,[2] 181 A.3d 359, 366 (Pa. Super. 2018) (*en banc*) (***Miller*** extension claims do not satisfy the new constitutional right exception for adult offenders because the United States Supreme Court never extended ***Miller's*** holding to those offenders); ***Commonwealth v. Furgess***, 149 A.3d 90, 93 (Pa. Super. 2016) (petitioners who were older than eighteen at the time they committed murder are not within [the] ambit of the ***Miller*** decision and may not rely on that decision to bring themselves within a time-bar exception). Accordingly, [Appellant] [cannot] rely on ***Miller*** to invoke a time-bar exception because ***Miller*** does not apply to him. ***Lee***[,] 206 A.3d at 7-11.
>
> Moreover, in ***Commonwealth v. Montgomery***, this Court, sitting *en banc*, rejected, as time-barred, the same equal protection claim for an extension of the ***Miller*** holding that [Appellant] raises. [***Commonwealth v. Montgomery***,] 181 A.3d at 366-67 (denying new constitutional right time-bar exception for [a] ***Miller***-extension claim based on equal protection grounds and noting, "Neither the Supreme Court of the United States nor our Supreme Court has held that ***Miller*** announced a new rule under the Equal Protection Clause. Instead, ***Miller*** only announced a new rule with respect to the Eighth Amendment. Thus … his Equal Protection Clause argument is also an attempt to extend ***Miller's*** holding."); ***see also Lee***, ***supra***, 149 A.3d at 5 n.6 (noting that in light of ***Commonwealth v. Montgomery***, the appellant affirmatively waived her ***Miller***-extension claim relating to the Equal Protection Clause of the Fourteenth Amendment).

---

[2] We continue to refer to this case by its full name as to not confuse it with the United Supreme Court's ***Montgomery v. Louisiana*** decision.

Commonwealth's Brief at 10-11. Accordingly, because Appellant was 19 years old at the time of his offense, he cannot rely on **Miller** to meet a timeliness exception. Thus, the PCRA court properly dismissed Appellant's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/19