J-A04040-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIK LONDON | : | |
| | : | |
| Appellant | : | No. 523 EDA 2019 |

Appeal from the Judgment of Sentence Entered October 12, 2017
In the Court of Common Pleas of Monroe County Criminal Division
at No(s):  CP-45-CR-0002141-2017,
CP-45-CR-0002142-2017, CP-45-CR-0002143-2017

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

CONCURRING MEMORANDUM BY PANELLA, P.J.: **FILED MARCH 19, 2020**

Although I agree with the Majority's conclusion that this Court lacks jurisdiction and we therefore must quash Appellant's appeal, I disagree with the legal basis upon which this conclusion rests. In my view, Appellant's *nunc pro tunc* post-sentence motion should have been treated as a Post-Conviction Relief Act ("PCRA") petition that the court granted. As a result, the appeal is timely. However, as the Majority notes, this appeal should be quashed under ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) because Appellant filed only a single notice of appeal for judgments of sentence in three cases. Therefore, I respectfully concur in result.

Ordinarily, if no post-sentence motion is filed, a defendant must file a notice of appeal within thirty days of the judgment of sentence. ***See***

---

[*] Retired Senior Judge assigned to the Superior Court.

Pa.R.Crim.P. 720(a)(3); *see also* Pa.R.A.P. 903(c)(3). At the expiration of the thirty-day period, if no appeal has been filed, the judgment of sentence becomes final, and the trial court's jurisdiction ends. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also Commonwealth v. Robinson*, 837 A.2d 1157, 1162 (Pa. 2003). As such, any motion filed after a judgment of sentence is final must be construed as a petition filed pursuant to the PCRA. *See* 42 Pa. C.S.A. § 9541 - § 9546; *see also Commonwealth v. Taylor*, 65 A.3d 462, 466 (Pa. Super. 2013).

Because Appellant did not file a post-sentence motion or a direct appeal, his judgment of sentence became final at the expiration of the thirty-day appeal period. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, Appellant's subsequent motion seeking *nunc pro tunc* relief must be treated as a PCRA petition because it was filed after Appellant's judgment of sentence became final. *See Taylor*, 65 A.3d at 466.

In general, a PCRA petition must be filed within one year from the date the judgment of sentence becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1); *see also Commonwealth v. Brandon*, 51 A.3d 231, 233 (Pa. Super. 2012). Hence, a PCRA petition must be timely, as the timeliness of a post-conviction petition is jurisdictional in nature. *See Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018).

Here, Appellant's submission was made within one year of the date his judgment of sentence became final. *See* 42 Pa.C.S.A. § 9545(b)(1). As such, Appellant's petition was timely under the PCRA. *See Montgomery*, 181 A.3d

at 365. Furthermore, the trial court evinced its clear intent that Appellant's request for restoration of his post-sentence rights merited relief. In the same order, the court further evinced its intention to restore Appellant's direct appeal rights. I would therefore conclude that this direct appeal was timely filed.

However, the fact that Appellant filed a single notice of appeal raising issues that relate to three docket numbers is grounds for quashing Appellant's appeal.

The Pennsylvania Supreme Court has held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." *Walker*, 185 A.3d at 971. The Court explained "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal" and "[t]he failure to do so requires the appellate court to quash the appeal." *Id.*, at 976-977; *See also* Pa.R.A.P. 341, Official Note.

As the Majority correctly notes, Appellant filed his singular notice of appeal, inclusive of three docket numbers. Appellant's appeal unambiguously arises from an order that resolved issues pertaining to more than one lower court docket. As such, because he filed this notice after the decision in *Walker*, I would conclude that this Court should have quashed Appellant's appeal for that reason.

Accordingly, I respectfully concur in result.