## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 472 WAL 2019 |
| | : | |
| Respondent | : | Petition for Allowance of Appeal |
| | : | from the **Unpublished** |
| | : | **Memorandum and Order** of the |
| v. | : | Superior Court at No. 1468 WDA |
| | : | 2018 (Olson, **Ott**, Colins, JJ.), |
| | : | entered on October 2, 2019, |
| JAMIE M. BROWN, | : | **affirming** the PCRA Order of the |
| | : | Beaver County Court of Common |
| Petitioner | : | Pleas at No. CP-04-CR-0000913- |
| | : | 2001 (McBride, S.J.), entered on |
| | : | September 21, 2018 |

## CONCURRING AND DISSENTING STATEMENT

**JUSTICE WECHT**

Although I agree that three of the four issues that Petitioner raises do not merit our review, I would grant *allocatur* as to his remaining question. In that issue, Petitioner asks:

> Whether, in a matter of first impression, the panel erred in finding that the PCRA[1] court did not have jurisdiction to consider Brown's timeliness claims raised within sixty days of discovery following a remand for a hearing on a separate timeliness claim, which is inconsistent with the plain language of 42 Pa.C.S. § 9545(b)(2), *Commonwealth v. Lark*, 746 A.2d 585 (Pa. 2000), *Commonwealth v. Porter*, 35 A.3d 4 (Pa. 2012), and conflicts with *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa. Super. 2018) (*en banc*)?

Petition for Allowance of Appeal ("PAA"), 472 WAL 2019, at 7 (footnote omitted).

In *Commonwealth v. Sepulveda*, 144 A.3d 1270 (Pa. 2016), this Court stated "that a PCRA court does not have discretion to treat new claims raised by a PCRA petitioner

---

1      Post Conviction Relief Act. 42 Pa.C.S. §§ 9541-46.

as an *amended* PCRA petition following remand from this Court unless such *amendment* is expressly authorized in the remand order." *Id.* at 1280 (emphasis added); *see also Commonwealth v. Rivera*, 199 A.3d 365, 388-89 (Pa. 2018) (applying *Sepulveda* and holding that a PCRA petitioner could not amend his petition upon remand). Petitioner asserts that, "[t]o the extent *Sepulveda* and *Rivera* preclude *amendments* after a remand, they did not hold that timeliness based claims and their related derivative merits based issues cannot be considered as a *separate petition* and consolidated with the remanded claim." PAA at 23-24 (emphasis added).

Petitioner has identified a gap in our PCRA jurisprudence: this Court has not yet answered the question of whether a PCRA court can consider a new PCRA petition while another petition is on remand. This issue is an appropriate one for *allocatur* review, as it offers this Court an opportunity to provide guidance for PCRA courts confronting similar circumstances.