J-S09020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARWAN HALLS | : | |
| | : | |
| Appellant | : | No. 108 EDA 2020 |

Appeal from the PCRA Order Entered November 21, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0101061-2006

BEFORE: OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.: **FILED JULY 1, 2021**

Marwan Halls (Appellant) appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA),[1] seeking relief from his violation of probation (VOP) sentence for the charges of burglary and conspiracy.[2]  On appeal, Appellant contends the PCRA court erred when it rejected his claim that he is "entitled to full credit for time served[.]" Appellant's Brief at 12.  Appellant further argues he timely filed his PCRA petition under the government interference and newly discovered facts exceptions.[3]  For the reasons below, we affirm.

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3502(a), 903(a)(1).

[3] 42 Pa.C.S. §§ 9545(b)(1)(i)-(ii).

The facts of the underlying case and procedural history are as follows:

On November 8, 2010, [Appellant] entered a guilty plea to burglary and conspiracy in Philadelphia County. That same day, the trial court sentenced him to an aggregate term of 18 months of house arrest, with credit for time served, and an aggregate, concurrent term of 79 months of probation. [Appellant] filed neither a post-sentence motion nor a direct appeal. While still on probation, [Appellant] was convicted of four counts of burglary in Montgomery County, and was sentenced to an aggregate term of 7 to 14 years of incarceration.

Due to these new convictions, the Philadelphia County trial court held a violation of probation hearing. The trial court found [Appellant] in violation of his probation, revoked his probation, and imposed a new aggregate sentence of 13 1/2 to 27 years of imprisonment, followed by a one-year probationary term [on October 2, 2012]. This sentence was to run consecutive to [Appellant's] Montgomery County sentence.

[Appellant] filed a [timely,] counseled motion for reconsideration [on October 12, 2012], which the trial court denied on [November 13], 2012. On December 4, 2012, [Appellant] filed a *pro se* appeal to this Court, which we quashed as untimely on April 9, 2013. On June 25, 2013, [Appellant] filed a timely *pro se* PCRA. The PCRA court appointed [ ] counsel, who filed an amended petition, alleging ineffective assistance of counsel, and requesting the reinstatement of [Appellant's] direct appeal rights *nunc pro tunc*. On June 16, 2016, the PCRA court held an evidentiary hearing. [Appellant] presented his own testimony [and a]t the conclusion of the hearing, the PCRA court denied the petition.

***Commonwealth v. Halls***, 2089 EDA 2016, at 1-2 (unpub. memo. May 4, 2018).

Thereafter, Appellant filed a timely notice of appeal of his petition's dismissal to [this Court] on June 30, 2016. After [this Court] affirmed the order dismissing his petition on May 4, 2018, Appellant filed a petition for an allowance of appeal to our Supreme Court, which it denied June 10, 2018. On July 2, 2019, Appellant filed a second *pro se* petition for relief under the PCRA. On October 28, 2019, the PCRA court issued a notice, pursuant to

Pa.Crim.P. 907, informing Appellant of the PCRA court's intention to dismiss his petition without an evidentiary hearing. Following its Rule 907 notice, the PCRA court dismissed Appellant's petition for relief on December 2, 2019.

PCRA Ct. Op. 7/8/20, at 2.

On December 16, 2019, Appellant filed a notice of appeal. On December 23, 2019,[4] the PCRA court ordered Appellant to file a concise statement of matters complained of on appeal pursuant to PA.R.A.P. 1925(b) and Appellant timely complied. Appellant filed a "Motion to Leave Court" on May 17, 2021, in response to the Commonwealth's brief. We do not address this motion because Appellant does not ask for any additional relief.

Appellant raises one issue on appeal:

As Appellant did not post bail, he is entitled to full credit for time served on new charges despite the fact he was also detained by the Pennsylvania Board of Probation and Parole who, even though convicted of such charges, failed to exercise jurisdiction and recommit him as a convicted parole violator.

Appellant's Brief at 12.

Preliminarily, we note:

Any [PCRA petition], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

**(i)** the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

---

[4] The PCRA court stated it ordered a concise statement of matters complained of on appeal on December 16, 2019. Upon review of the record, we note the PCRA court ordered this statement on December 23, 2019. PCRA Ct. Op. at 2; PCRA Ct. Order 12/23/19.

- 3 -

Commonwealth or the Constitution or laws of the United States;

**(ii)** the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

**(iii)** the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).

Appellant "implicitly" argues he timely filed his PCRA petition under 42 Pa.C.S. § 9545(b)(1)(i), interference by government officials, and "explicitly pled" he met the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(ii), newly discovered fact. Appellant's Brief at 24. Appellant avers he did not learn that "there were no 'in-custody' credits towards his Philadelphia sentence" until August 23, 2018. *Id.* Appellant claims "[t]he facts upon which the claim is predicated were unknown to [him], and could not have been ascertained by the exercise of due diligence . . . based upon Philadelphia County's failure to forward [department of corrections (DOC)] Commitment [sic] Order[ ] prior to August 31, 2018." *Id.* Appellant maintains "'governmental interference,' [ ] and 'after discovered fact,' [ ] are intertwined as it is the failure of the government (Philadelphia County) to forward a commitment order to the DOC that left Appellant unaware" of the alleged issue with his "time-credit[.]" *Id.* at 24-25. Appellant states that "[s]ince agencies are presumed to have followed the law, [he] was unconcerned about not having received an updated Status[ ] Sheet because he believed the

resentencing [court] had followed precedent and the law[.]" *Id.* at 25. Appellant maintains that because of this assumption, "there was no reason to exercise due diligence" before 2018, making his June 30, 2019, PCRA petition timely. *Id.*

Appellant avers he was confined between the dates of December 21, 2005, and November 6, 2008, June 1, 2009, and August 1, 2009, and served "18 [ ] months of house arrest [starting] on November 8, 2010." Appellant's Brief at 19-20. Appellant contends that at an October 12, 2012, sentencing hearing, he should have "received credit for pre-trial detention as well as the served 18 [ ] months of house arrest[.]" *Id.* at 20. Appellant insists that "the time [he] served while incarcerated [ ] is to go towards the [November 8, 2010, sentence for burglary and conspiracy]." *Id.*

Appellant argues "he is entitled to full credit for time served on new charges" because "the Pennsylvania Board of Probation and Parole [ ] failed to exercise jurisdiction and recommit him as a convicted parole violator." Appellant's Brief at 12. Appellant insists he is currently serving an illegal sentence "because while on parole[,] he was arrested and incarcerated on [new charges] and detained by the Board." *Id.* Appellant contends the "failure to hold an administrative hearing. . . resulted in a loss of authority by the Board to decide time-credit[.]" *Id.*

Appellant argues that at his November 8, 2010, guilty plea hearing, he received "credit for house arrest already served [ ] resulting in 15[ ] months and 7[ ] days of such credit." Appellant's Brief at 20. Appellant states that

the remaining 2 months and 23 days of house arrest "expired on January 31, 2011," after his release on November 8, 2010. *Id.* Appellant contends that because "only [his] probation was revoked and not house-arrest at the October 2, 2012[,] VOP resentencing, all 18[ months] of house-arrest should be credited." *Id.* at 21. Appellant maintains the "failure to award [him] all credit at [the] VOP resentencing results in an illegal sentence[.]" *Id.*

Appellant argues he is entitled to "the total time credit of 4[ years], 6[ months], and 16[ days]" which should have been applied to his sentence resulting from his November 8, 2010, guilty plea "at his VOP resentencing." Appellant's Brief at 21. Appellant contends this time credit "could not go toward" his previous sentences "as there was no violation attached to granting anyone authority to commandeer time-credit." *Id.* at 21-22. Appellant states that because this "time-credit" was "assessed" to a previous sentence, "it can be stated as fact that such credit was not assessed to the" November 8, 2010 sentence. *Id.* at 22.

We note throughout Appellant's arguments, he alludes to other potential claims not included in his questions presented. Notably, Appellant states a "valid [*Grazier*] hearing and waiver did, in fact, not occur." Appellant's Brief at 27; *see Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1988) (holding that when a waiver of counsel is sought, "an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one"). Appellant does not develop his argument beyond stating a hearing did not occur and thus, his argument is waived. *See Commonwealth v. Delvalle*,

74 A.3d 1081, 1087 (Pa. Super. 2013) ("Failure by the appellant to discuss pertinent facts or cite legal authority will result in waiver"). Further, the PCRA court stated it held a *Grazier* hearing where it found the waiver was satisfactory under this standard. PCRA Ct. Op. at 4 n1.

The standard by which we review PCRA petitions is well settled:

> Our standard of review in a PCRA appeal requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of our review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court. [ ] The PCRA court's factual findings and credibility determinations, when supported by the record, are binding upon this Court.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. Super. 2020).

However, first we must address the timeliness of the petition:

> Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition. The timeliness requirement for PCRA petitions "is mandatory and jurisdictional in nature."
>
> * * *
>
> A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."

*Commonwealth v. Montgomery*, 181 A.3d 359, 365 (Pa. Super. 2018) (citations omitted). We may reach the merits of an untimely PCRA petition provided Appellant meets one of the three exceptions discussed *supra*. 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii); *Montgomery*, 181 A.3d at 365.

In the instant case, Appellant's judgment of sentence became final on December 12, 2012, 30 days after the trial court denied his timely post-sentence motion and Appellant failed to file a timely direct appeal. **See** Pa.R.Crim.P. 720(A)(2)(a) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed . . . within 30 days of the entry of the order deciding the motion"). Appellant filed the present PCRA petition on June 30, 2019, almost seven years after his sentence became final, making it untimely. Thus, Appellant must prove his petition falls under a timeliness exception. **See Montgomery**, 181 A.3d at 365; **see** 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii).

Appellant relies on Subsections (b)(1)(i) and (ii) in his argument, claiming government interference and newly discovered facts. Appellant's claim that he was "unaware he did not receive time[ ] credit until [ ]8/21/2018[,]" under Subsection (b)(1)(ii), is without merit. The PCRA court found "(1) the sentencing structure was not 'unknown' to Appellant; and (2) Appellant did not act with due diligence to discover the allegedly 'unknown' facts." PCRA Ct. Op. at 13. We agree. Appellant contradicts his claim that he did not know these facts when he states he "was unconcerned about not having received an updated Status[ ] Sheet because he believed the resentencing [court] had followed [ ] the law. . . [t]herefore there was no reason to exercise due diligence[.]" Appellant's Brief at 25. With this statement, Appellant admits to being aware of any discrepancies on his

"Status[ ] Sheet" when he received it and did not attempt to correct the alleged mistake. Appellant's Brief at 25.

Further, Appellant knew of the discrepancies in his paperwork because he stated at his sentencing hearing he understood this sentence would "run consecutive to the [ ] Montgomery County" sentence. N.T. Sentencing 10/2/12, at 20. The sentencing court also explicitly pointed out to Appellant "any time prior to this is going towards [his Montgomery County] sentence." *Id.* at 18. For these reasons, Appellant does not meet this exception.

Appellant's claim that the "failure of [ ]Philadelphia County[ ] to forward a commitment order to the DOC" reaches government interference as defined in Subsection (b)(1)(i) is without merit. Appellant's Brief at 24. Subsection (b)(1)(i) requires the government interference be a "violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S. § 9545(b)(1)(i). Appellant simply argues Philadelphia County did not "forward a commitment order[,]" or "updated Status[ ] Sheet" for a sentencing structure for which he was already aware. Appellant's Brief at 24-25; PCRA Ct. Op. at 13; N.T. 10/2/12, at 18, 20. This does not amount to violation of the United States or Pennsylvania Constitutions. *See* 42 Pa.C.S. §§ 9545(b)(1)(i). For these reasons, Appellant does not meet this exception.

Because Appellant filed the instant PCRA petition almost 7 years after his judgment of sentence became final and did not adequately plead and prove

any exception to its untimeliness, we do not reach the merits of this petition. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2021