J-S09027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SHAWN ALAN BRACKEN | : | |
| | : | |
| Appellant | : | No. 1069 WDA 2022 |

Appeal from the Order Entered August 22, 2022
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0000730-2012

BEFORE: BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY BOWES, J.:                           **FILED: APRIL 20, 2023**

Shawn Alan Bracken appeals from the order entered August 22, 2022, which denied Appellant's motion to correct an illegal sentence as an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). Since those PCRA proceedings are still pending before the PCRA court, we quash the instant appeal as interlocutory.

We glean the following history from the record. On August 8, 2014, Appellant pled guilty to indecent assault of a person less than thirteen years of age, endangering the welfare of children ("EWOC"), and child pornography based upon Appellant's sexual abuse of his daughter. That same day, Appellant was sentenced pursuant to the plea agreement as follows: three to six years of incarceration for indecent assault, five years of probation for EWOC, and five years of probation for child pornography. The probation sentences were set to run concurrent to each other and consecutive to the

term of incarceration. Appellant did not timely file post-sentence motions or a direct appeal to this Court. Instead, what followed was a hotchpotch of PCRA and revocation proceedings.

Appellant initiated his first PCRA proceedings by filing a motion seeking credit for time served on house arrest. The trial court did not consider the filing as a PCRA petition, instead denying it as an untimely post-sentence motion. Appellant *pro se* filed a notice of appeal to this Court and, upon Appellant's request, the trial court appointed Brian Aston, Esquire, to represent Appellant in all matters related to the above-captioned case. Upon review, this Court reversed the denial order and, on September 15, 2016, remanded for the PCRA court to consider the motion for credit as a first PCRA petition. *See **Commonwealth v. Bracken***, 158 A.3d 179 (Pa.Super. 2016) (judgment order).

Meanwhile, on the same day that Appellant filed the notice of appeal from the court's denial of his motion for time credit, the Commonwealth filed a motion to revoke Appellant's probation based upon a violation of the conditions of his supervision. At the time, Appellant had not yet begun to serve his probationary tail. On July 1, 2016, during the pendency of the above-referenced appeal, the trial court anticipatorily revoked Appellant's probation sentences and resentenced him to one to six years of incarceration at both the EWOC and child pornography convictions. The revocation sentences were set to run concurrent to each other and consecutive to the originally-imposed term of incarceration of three to six years for indecent

assault. Thus, Appellant's new aggregate sentence of incarceration was four to twelve years. Appellant did not seek to challenge this sentence through a direct appeal.

Upon remand from this Court, which postdated the revocation proceedings, the PCRA court commenced Appellant's first PCRA proceedings. Attorney Aston filed a PCRA petition in 2017, an amended petition in 2019, and an amended petition in 2020. Following a hearing, the court denied Appellant's PCRA petition. **See** PCRA Court Order, 11/5/21. Appellant timely filed a notice of appeal but Attorney Aston failed to file a docketing statement pursuant to Pa.R.A.P. 3517. Therefore, this Court dismissed the appeal on March 2, 2022, thereby bringing Appellant's first PCRA proceedings to an end.

On May 5, 2022, Appellant initiated the instant PCRA proceedings. Specifically, Appellant *pro se* submitted a letter to the PCRA court, along with two filings. First, he submitted a PCRA petition raising an ineffective assistance of counsel claim against Attorney Aston for failing to file the docketing statement and an illegal sentencing claim based upon **Commonwealth v. Simmons**, 262 A.3d 512 (Pa.Super. 2021) (*en banc*) (holding that a trial court may not anticipatorily revoke a defendant's probation before the probationary period begins). Appellant also filed a motion to correct an illegal sentence, raising the same **Simmons** claim.

In response to these filings, the PCRA court appointed instant PCRA counsel. Although Appellant's claims were cognizable under the PCRA and

- 3 -

raised within a PCRA petition,[1] counsel separated out the **Simmons** claim. In doing so, counsel first attempted to circumvent the parameters of the PCRA by filing a new motion to correct illegal sentence. **See** Motion to Correct Illegal Sentence, 7/1/22. Then, as will be detailed more *infra*, counsel sought and was granted several extensions to file an amended PCRA petition, the purported substance of which is unknown to this Court.

Dealing first with the motion to correct illegal sentence, the PCRA court held a hearing on July 14, 2022, regarding the retroactivity of our decision in **Simmons**. Thereafter, it held the disposition of the motion under advisement and ordered briefing on the retroactivity question. On August 23, 3022, the court issued an order and opinion disposing of the motion. In its recitation of the procedural history, the court noted that Appellant's "amended PCRA petition or no-merit letter is due on or before September 6, 2022." Opinion and Order of Court, 8/23/22, at 4 (capitalization altered). Thus, it was apparent that an amended petition or no-merit letter was forthcoming. Nonetheless, the court determined that the motion to correct illegal sentence was cognizable under the PCRA and Appellant had failed to plead and prove a

---

[1] Whenever a claim is cognizable under the PCRA, it must be pursued as a PCRA petition. **See** 42 Pa.C.S. § 9542 (The PCRA "shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."). Our courts have held that motions to correct an illegal sentence are cognizable under the PCRA. **See, e.g.**, **Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa.Super. 2011) (holding that Jackson's motion to correct illegal sentence was cognizable under the PCRA and therefore must be pursued within the strictures of the PCRA).

statutory exception to the PCRA's time bar. Accordingly, it dismissed the motion as an untimely PCRA petition.

Appellant filed the instant appeal from that dismissal order. The record was transmitted to this Court on November 7, 2022. Notwithstanding the PCRA court's dismissal of Appellant's motion as an untimely PCRA petition and the filing of the instant appeal, the court continued to grant extensions for counsel to file an amended PCRA petition or no-merit letter. Specifically, the court granted counsel a sixty-day extension on September 12, 2022, and another sixty-day extension on November 3, 2022. Since the record was thereafter transmitted to this Court, we are unaware of the status of the PCRA proceedings below.

With respect to the instant appeal, Appellant timely filed a concise statement pursuant to Pa.R.A.P. 1925(b). In lieu of a Rule 1925(a) opinion, the PCRA court directed us to its August 23, 2022 opinion. Appellant presents the following issue for our review: "Whether the trial court erred by denying the Appellant's motion to correct an illegal sentence?" Appellant's brief at 7 (capitalization altered).

Before we reach the merits of this issue, we must consider whether this appeal is properly before us. "This Court may consider the issue of jurisdiction *sua sponte*." **Commonwealth v. Grove**, 170 A.3d 1127, 1136–37 (Pa.Super. 2017) (cleaned up). Generally, this Court has jurisdiction of "appeals from final orders of the courts of common pleas." 42 Pa.C.S. § 742. In the PCRA context, "[a]n order granting, denying, dismissing, or otherwise finally

disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910.

The PCRA court dismissed Appellant's counselled motion to correct an illegal sentence as an untimely PCRA petition that failed to plead and prove one of the timeliness exceptions, which would appear to be a final order. However, at the same time, the PCRA court contemplated further PCRA proceedings as it continued to grant PCRA counsel extensions for filing an amended PCRA petition or no-merit letter. As noted, Appellant's claims were both cognizable under the PCRA and were submitted simultaneously to the PCRA court in Appellant's *pro se* PCRA petition. Despite this, counsel employed a divergent approach to the instant PCRA proceedings, filing first a motion to correct illegal sentence purportedly outside the parameters of the PCRA, and then pursuing an amended PCRA petition.

This Court has held that "PCRA courts are not jurisdictionally barred from considering multiple PCRA petitions relating to the same judgment of sentence at the same time unless the PCRA court's order regarding a previously filed petition is on appeal and, therefore, not yet final." ***Commonwealth v. Montgomery***, 181 A.3d 359, 365 (Pa.Super. 2018) (*en banc*). In that vein, if Appellant's motions fall within this framework, his motion to correct an illegal sentence would be considered his second PCRA petition, and the forthcoming petition would be a subsequent petition. If that were the case, the PCRA court could have disposed of the second PCRA petition while the subsequent petition was still pending before it, the order appealed

from would be a final order, and the instant appeal would stay the subsequent PCRA proceedings. Stated simply, if the motion and petition constitute separate PCRA petitions, we would be able to reach the merits of Appellant's issue on appeal.

However, a different result would ensue were we to conclude that Appellant's May 5, 2022 filings initiated a single PCRA proceeding. In this scenario, the court would have denied Appellant relief on the **Simmons** claim by issuing the appealed-from order, but deferred ruling on any remaining PCRA issues by granting counsel extensions to file an amended petition. Within this framework, if the motion and pending PCRA petition would be part of the same PCRA petition, then the order appealed from is not a final order pursuant to Pa.R.Crim.P. 910 as not all issues have been finally disposed.

Thus, the threshold question before this Court is whether the motion should be considered a separate petition from Appellant's pending PCRA petition, such that they operated independently of each other as a second and subsequent PCRA petition, or whether Appellant's May 5, 2022 filings were inextricably part of the same PCRA proceedings, such that counsel's attempt to separate them was futile and the undecided portion of Appellant's PCRA petitions rendered the instant order not final.

Upon review, we conclude that Appellant's bundling of his filings on May 5, 2022, seeking relief cognizable under the PCRA and set forth together within a single PCRA petition, initiated Appellant's second PCRA petition. In his *pro se* PCRA petition, Appellant set forth the following. Before the PCRA court

dismissed Appellant's first PCRA petition, Appellant purportedly learned of this Court's decision in **Simmons**, **supra**, and asked Attorney Aston to amend his petition to include a claim based thereon. **See** PCRA Petition, 5/5/22, at 4. Counsel declined to pursue the claim and, according to Appellant, did not proffer a reason beyond stating that the claim lacked merit. **Id**. at 5. Citing **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), Appellant argued that this PCRA petition was the first opportunity to raise Attorney Aston's ineffectiveness. **Id**. at 7. Then, he set forth two claims. In his first claim, Appellant averred that Attorney Aston had abandoned him by failing to file a docketing statement in this Court. **Id**. at 7. In his second claim, Appellant raised his **Simmons** illegal sentencing issue. **Id**. at 8-9. With respect to these claims, Appellant sought the appointment of new counsel to pursue his original PCRA claims before the PCRA court and to amend his petition to include the **Simmons** claim. **Id**. at 8-9.

In Appellant's letter to the court that accompanied the PCRA petition and his motion to correct illegal sentence, he explained the reasoning for the separate motions as follows:

> As [Attorney Aston] failed to comply with the Superior Court's order, the Court dismissed my case, thus foreclosing me from seeking review. Pursuant to the statutes delineated under the [PCRA], I have filed a PCRA seeking appointment of counsel, as well as seeking the court to issue an order reinstating my appellate rights *nunc pro tunc*. All of which is allowable under the law. Having said that, I have also raised an issue in my PCRA petition that involves an action that occurred in my case that has now been determined by the Superior Court to be an error of law and can be corrected at any time. This issue pertains to the [c]ourt's

misapplying the law in regards to conducting probation revocation hearings[.] . . .

Just after I typed up the PCRA petition, I came across a law article at the prison library that discusses same and it seems that if a defendant's PCRA rights have been exhausted, a defendant can now raise the issue pursuant to [42 Pa.C.S.] § 5505 which allows the court to retain jurisdiction to correct a patent error. . . .

As such, I have enclosed a PCRA [petition] based on [Attorney Aston] abandoning me, and, I have enclosed a separate motion to correct an illegal sentence. Of course my main thrust is to be released from prison immediately. If Your Honor will entertain my motion to correct an illegal sentence I will abandon my PCRA in its entirety.

*Pro se* Correspondence, 5/5/22, at 1-2 (punctuation, spacing, and spelling errors corrected).

Upon receipt of the May 5, 2022 filings, the PCRA court appointed counsel "to represent [Appellant] in this proceeding. PCRA counsel is ordered to file either an amended PCRA petition or a motion to withdraw as counsel and a . . . no-merit letter within 30 days[.]" Order of Court, 5/10/22 (capitalization altered). This phrasing indicated that the PCRA court's appointment of PCRA counsel was meant to encompass Appellant's *pro se* filings and provide counsel the opportunity to recast them in an amended petition or no-merit letter pursuant to the PCRA.

Based on the foregoing, it is evident that the issues were contemplated being handled together. Counsel's attempt to litigate the **Simmons** issue outside the parameters of the PCRA did not create multiple PCRA petitions. Moreover, the *sui generis* nature of this case sets it outside the familiar hybrid

scenario where a PCRA court grants relief as to sentencing and denies all other PCRA issues. ***See Commonwealth v. Grove***, 170 A.3d 1127, 1138 (Pa.Super. 2017) (holding that "PCRA court's order granting relief with regard to sentencing and denying all other claims therefore was a final appealable order"). Here, the PCRA court, while denying Appellant's ***Simmons*** issue, cannot have disposed of Appellant's remaining PCRA issues because counsel had not yet raised them. Accordingly, this is not a hybrid scenario. Rather, it is an appeal from an interlocutory order that dismissed only a portion of a PCRA petition. Consequently, we conclude that this appeal is premature and we quash.[2]

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/20/2023

---

[2] It follows that Appellant may challenge the PCRA court's rejection of his illegal sentencing claim by appealing from the final order that disposes of all pending PCRA claims.