J-S15010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| STEVEN CARL DERK | : | |
| | : | |
| Appellant | : | No. 1303 MDA 2022 |

Appeal from the Order Entered August 31, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000153-1993,
CP-55-CR-0000306-1992

BEFORE: BOWES, J., STABILE, J., and SULLIVAN, J.

JUDGMENT ORDER BY BOWES, J.: **FILED MAY 16, 2023**

Steven Carl Derk appeals *pro se* from the order that dismissed his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

In 1993, Appellant was convicted of murdering his paramour's two-year-old son. His sentence of life imprisonment was affirmed on direct appeal. *See Commonwealth v. Derk*, 685 A.2d 207 (Pa.Super. 1996) (unpublished memorandum), *aff'd*, 719 A.2d 262 (Pa. 1998) (equally divided court). Appellant's PCRA petitions filed in 1999, 2010, and 2014 resulted in no relief.

Appellant filed a PCRA petition in August 2021 which was dismissed by order of November 24, 2021, appealed to this Court, and assigned docket number 49 MDA 2022. While that appeal remained pending, Appellant filed additional PCRA petitions on March 17 and April 7, 2022. The PCRA court dismissed the petitions by order dated August 31, 2022, indicating therein

that it was without jurisdiction to entertain the petitions while the November 2021 petition was on appeal to this Court. Appellant filed a notice of appeal from that dismissal, which was issued the above-captioned docket number.

This Court issued a rule to show cause why we should not quash this appeal due to the pendency of the appeal at 49 MDA 2022. Appellant filed a response in which he acknowledged that "a PCRA cannot be filed with a subsequent [*sic*] appeal pending." Response to Rule to Show Cause, 10/17/22, at 2. He indicated that he was "willing to withdraw [the instant appeal], but request[ed] the right to re-file" his claims.[1] *Id*. The Commonwealth, for its part, has urged us to affirm the PCRA court's August 31, 2022 order, citing precedent that supports the PCRA court's determination that it lacked jurisdiction to consider it. *See* Commonwealth's brief at 8-10 (citing, *inter alia*, **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) ("When an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review.")[2]).

_____

[1] This Court discharged the rule for determination by the merits panel. *See* Order, 4/4/23.

[2] We acknowledge that **Lark** was overruled on other grounds not pertinent to this appeal. *See Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020).

As such, there is no disagreement among the PCRA court and the parties that the court lacked jurisdiction to entertain Appellant's petitions filed during the pendency of an appeal from the dismissal of his prior PCRA petition. We agree. *See*, *e.g.*, *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa.Super. 2018) (*en banc*) ("*Lark* precludes consideration of a subsequent petition from the time a PCRA order is appealed until no further review of that order is possible."). As such, the PCRA court's August 31, 2022 order properly dismissed Appellant's petition for lack of jurisdiction and is hereby affirmed.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/16/2023

---

[3] This Court resolved the appeal at 49 MDA 2022 on March 13, 2023. *See* *Commonwealth v. Derk*, ___ A.3d ___, 2023 WL 2471437 (Pa.Super. Mar. 13, 2023) (non-precedential decision). Once this and any other pending PCRA appeals are final in accordance with *Commonwealth v. Montgomery*, 181 A.3d 359 (Pa.Super. 2018) (*en banc*), Appellant is free to endeavor to meet a PCRA timeliness exception and to reassert any PCRA claims that have not been addressed on their merits. We offer no opinion on whether he will be able to do so, but note that our ruling herein does not prejudice his rights to make the attempt.