J-S03023-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DENNIS WAYNE SIPOS | : | |
| | : | |
| Appellant | : | No. 34 WDA 2024 |

Appeal from the Order Dated December 12, 2023
In the Court of Common Pleas of Indiana County
Criminal Division at No(s): CP-32-CR-0000512-1988

BEFORE: KUNSELMAN, J., SULLIVAN, J., and BECK, J.

JUDGMENT ORDER BY SULLIVAN, J.:                     **FILED: April 9, 2025**

Dennis Wayne Sipos ("Sipos") appeals *pro se* from the order dismissing a serial petition pursuant to the Post Conviction Relief Act ("PCRA"), **see** 42 Pa.C.S.A. §§ 9541-9546. For the reasons discussed below, we quash.

Because of our disposition in this matter, we need not detail the underlying facts and procedural history. However, we briefly note in April 1989, Sipos entered a *nolo contedere* plea to murder in the third degree. The trial court sentenced him to ten to twenty years in prison to be served consecutively to a sentence Sipos was then serving in Ohio. Sipos did not file a direct appeal. Sipos has since filed numerous PCRA petitions, motions, and other assorted filings, most of which claim his sentence is illegal because he did not receive credit for 174 days served in Ohio.

Sipos filed the instant serial petition seeking credit for the time served on November 2, 2023. At that time, an appeal from a prior serial PCRA petition was pending in this Court. *See Commonwealth v. Sipos*, No. 1242 WDA 2023.[1] The PCRA court dismissed Sipos's serial PCRA petition finding it was without jurisdiction to address it because of the pending appeal in this Court. *See* Order of Court, 12/12/23, at 1 (unnumbered). This appeal followed.[2]

In March 2024, this Court directed Sipos to show cause as to why his appeal should not be dismissed as premature. *See* Order 3/1/24. Sipos did not file a response. In June 2024, this Court discharged the show-cause order but indicated the issue could be revisited by the assigned panel. *See* Order 6/7/24.

Sipos raises the following question for our review:

A. Did the [PCRA] court err by removing time credit after thirty [] days which violated [sic] Pa.C.S.[A.] § 5505[]?

Sipos's Brief at 3 (unnecessary capitalization omitted).

We review the dismissal of a PCRA petition to determine "whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of

---

[1] This appeal is currently before this panel and will be decided by a separate decision.

[2] The PCRA court did not order Sipos to file a Rule 1925(b) Statement and did not author an opinion.

the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id*.

Sipos filed the instant, serial PCRA petition during the pendency of his appeal of the denial of his previous serial PCRA petition. The Pennsylvania Supreme Court has held that a subsequent PCRA petition "cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000); *see Commonwealth v. Montgomery*, 181 A.3d 359, 364 (Pa. Super. 2018) (*en banc*) (holding *Lark* precludes consideration of a subsequent PCRA petition from the time the prior PCRA order is appealed until conclusion of appellate review of the order). Accordingly, we quash this appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 04/09/2025